BOYLE *vs.* ROBINSON, *Bail* of COULTER & FISHER.—June, 1826.

A *scire facias* was issued against R, as special bail of C & F, reciting, in the usual way, the recognizance of bail, and the judgment against C & F, &c. It appeared to the writ, and moved to quash it, upon the ground, supported by affidavit, that she had only intended to become bail for F, and that the clerk of the court had by mistake entered her as bail for both C & F—*Held,* that as the writ recited the recognizance of bail, the proceedings to judgment against the principal, &c. properly, as they appeared by the record, it could not be quashed for insufficiency.

The court below having quashed the writ, the judgment was reversed, and on motion, a *procedendo* awarded.

If the bail was relievable on motion, ought it not to have been made for rectifying the original entry, in which the alleged mistake in taking the bail occurred?  *Quere.*

APPEAL from *Baltimore* County Court.   In this case a writ, of *scire facias* issued on the 12th of February 1822, reciting, that in *Baltimore* county court, on the third Monday of September 1819, *Eve Robinson,* (the appellee,) appeared personally in that court and became pledge and bail, in the usual form, for *John Coulter* and *John Fisher,* in an action on the case brought by *Francis Boyle,* (the appellant,) against the said *Coulter* and *Fisher,* and a certain *Samuel Hill.*   That on the third Monday of September 1820, *Boyle* recovered judgment against *Coulter* and *Fisher,* for certain damages and costs, which damages and costs they had not, nor had the said *Hill* paid, nor had *Coulter* rendered his body to the public prison of *Baltimore* county in execution of the said judgment.   The sheriff was therefore commanded to give notice to *Eve Robinson,* that she be and appear, &c.   At the return day the sheriff returned the writ, "*made known,*" &c.   On this return the appellee appeared in court by her attorney, and moved the court, that the *scire facias* might be quashed for insufficiency; for that she, as special bail, was not liable to the judgment sought for by said writ; and she filed in court an affidavit, made on the 18th of February 1822, by the attorney of *Fisher,* one of the original defendants, stating that the sheriff made return of the writ in the original action, "*Cepi, Coulter & Fisher—N. E. Hill.*"   That *Fisher* entered into a bail bond to the sheriff, with *Eve Robinson,* (the appellee,) as his security; and that *Coulter* also gave bond to the sheriff, with one *Scott* as his security.   That *Eve*

*Robinson* came into court, with the deponent, for the purpose of becoming special bail for *Fisher;* and the deponent directed the clerk of the court to enter her as bail for *Fisher,* which was done; but the clerk made the entry general on the docket, by which it would appear that she was special bail for both defendants. The county court sustained the motion, and *quashed* the writ of *scire facias.* The plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, ARCHER, and DORSEY, J.

*Gill* and *R. Johnson,* for the Appellant, contended, 1. That *Baltimore* county court had no authority to quash the writ of *scire facias.* 2. That the writ, and return thereof, were regular. 3. That there was no evidence showing that the appellee did not become the special bail of *Coulter* and *Fisher.* 4. That the record entry of the appellee as bail could not be contradicted, except by a sufficient plea. 5. That *Baltimore* county court in 1822 had no authority to alter the record of the original action of 1819, so as to change the record obligation of the special bail.

*Mayer,* for the Appellee, cited *Holland & Franklin's* case, 2 *Leon.* 184, 185. 1 *Vent.* 362; and 1 *Tidd's Pr.* 660.

EARLE, J. delivered the opinion of the Court. This is the case of a *scire facias* against special bail, which was quashed, on motion, by the court below, for insufficiency, with costs to the defendant. An affidavit, filed in support of the motion, states, that a mistake had been committed by the clerk in taking bail to the action—in taking *Eve Robinson* bail for *Coulter* and *Fisher,* whereas she was bail for *Fisher* only; and this, it is presumed, induced the court to set aside the *scire facias,* which appears to have been issued to make the bail responsible for *Coulter.*

The writ recites the recognizance of bail, the proceedings to judgment against the principal, and all other facts and circumstances material to the case; and the return thereof being in all respects regular, the court cannot conceive how it could be quashed for insufficiency. That process cannot want sufficiency which conforms to the record, which is the foundation

of it.  If *Eve Robinson* appears on the record to have been the bail of *Coulter*, the writ is not to be deemed defective and erroneous, for stating her to be so.

It appears to the court, that the party's remedy has been mistaken in this case.  If relievable on motion, it should have been made for rectifying the original entry in which the alleged mistake in taking the bail occurred; but whether it could have availed her or not, it is not for us at this time to decide. The subject is not regularly before us, and it has not therefore particularly engaged our attention.  It is, however, certain, that as long as the record remains unaltered, the *scire facias* must be in conformity with it, and for being so, it cannot be pronounced insufficient.

JUDGMENT REVERSED.

*R. Johnson* moved for a writ of *procedendo*, or special mandate, to the court below, directing them to proceed in the case.

PROCEDENDO AWARDED.