BALY L. CLARK *vs.* ROBERT DIGGES.—*December*, 1847.

The defendant, in a *scire facias*, by the plea of *nul tiel record*, may avail himself of the fact, that the judgment on which the *sci. fa.* is founded, was interlocutory.

Where a *scire facias* is not defective on its face, but states a good judgment, the motion to quash will not avail a party who desires to show, that by the error of the clerk, an interlocutory had been treated as a final judgment.

A "judgment," entered on the docket, "for $12,000, penalty and costs: to be released on the payment of——" is not interlocutory. It indicates a judgment, by confession, for the penalty; to be released upon the payment of such sum as might thereafter be agreed upon; and that it is not a binding judgment, until the sum shall be ascertained, as originally contemplated.

In determining the character of a judgment, this court can only look to it as extended by the clerk of the county court; whether it has been properly extended by the clerk, cannot be enquired into by this court collaterally.

Motions for the amendment of an original judgment, made upon the return of *scire facias* to revive it, are necessarily to be made in the original cause; and

can only be acted upon, on appeal taken in that cause. If made in the *scire facias* cause, they will be overruled.

Under the act of 1830, ch. 165, the person for whose use a judgment has been entered, may prosecute a writ of *scire facias* to revive it in his own name.

The term "equitable assignee," in that act, is sufficiently comprehensive to include the *cestui que use.*

APPEAL from *Charles* County Court.

On the 16th August, 1843, the appellant sued out a writ of *scire facias*, as follows, viz:

"CHARLES COUNTY, TO WIT: *The State of Maryland to the Sheriff of Charles County, greeting:* Whereas, at a county court begun and held at *Port Tobacco*, in and for *Charles* county aforesaid, on the third Monday in August, in the year of our Lord one thousand eight hundred and thirty-two, a certain *Abraham Clark*, by the judgment of the same court, recovered against a certain *Robert Digges*, late of *Charles* county, yeoman, as well the sum of twelve thousand dollars, penalty, as the sum of six dollars and eighty-seven and one-third cents, for his costs and charges by him about his suit in that behalf laid out and expended ; whereof the said *Robert Digges* was convict, as it plainly appears of record. And whereas, the said *Abraham Clark*, before the rendition of said judgment, assigned the        to a certain *Baly L. Clark*, and that the said *Abraham Clark* is since deceased, to wit: at the county aforesaid, as it is said, and that no administration has been granted upon his estate ; and that although the said judgment was so given, yet execution thereof still remains to be made; wherefore, the said *Baly L. Clark*, assignee as aforesaid, to whom the execution of and upon the said judgment ought to be made, and now of right belongs, hath besought that a proper remedy in this behalf be granted ; and as it is right and just, that those things which are lawfully transacted and adjudged, should be carried into due and speedy execution; Therefore, you are hereby commanded, that by good and lawful men of your bailiwick, you give notice to the said *Robert Digges*, that he be and appear before the judges of the next court, to be held at *Port Tobacco*, in and for *Charles*

county aforesaid, on the third Monday in *August*, instant, to shew, if he have, or can say any thing for himself, why the said *Baly L. Clark* ought not to have his execution against him, for the penalty, costs, and charges aforesaid, according to the force, form, and effect of the recovery aforesaid, if the said *Robert Digges* shall think fit, &c.

This writ was returned *nihil*, and renewed to March term, 1844, at which term the appellee appeared to said writ, and laid a rule on the defendant to answer. The defendant prayed leave to imparle until the next term, which was granted to him.

At August term, 1844, he craved oyer of the writ, which being granted, he demurred specially thereto, and assigned for causes of demurrer:

1st. That it shews and sets forth a judgment in the name of *Abraham Clark*, deceased, against this defendant; and the said writ should be in the name of the administrator or executor of said *Abraham*.

2nd. That no sufficient assignment of said judgment, to the said *Baly L. Clark*, is therein shewn.

3d. That it is uncertain, on the face of said writ of *scire facias*, what was assigned before the rendition of said judgment, to said *Baly L. Clark*.

4th. That a blank is left in said writ of *scire facias*, by reason of which blank, the same is unmeaning and unintelligible.

5th. And also, that the said writ of *scire facias* is in other respects uncertain, informal and insufficient, and so forth.

The plaintiff was then laid under rule to join in the demurrer, and the cause was continued.

At March term, 1845, the defendant was laid under a rule security for costs, and the cause again continued.

At August term, 1845, the defendant complied with the rule security for costs; and the plaintiff moved the court, that the special demurrer be not received, but stricken out, which was granted by the court. The defendant then demurred generally to the writ, when the plaintiff moved to amend it, viz:

" Motion to amend the *sci. fa.*, so as to recite the judgment,

according to the original entries, and to make the clause of
*sci. fa.* conform to the plaintiff's remedy under the judgment."

Appended to said written motion are the following terms
upon which said motion is granted by the court: (C. Dorsey,
A. J.)

" The motion is granted, except to change the prayer in the
*scire facias* for execution, and to substitute therefor a prayer
for any other relief."

At March term, 1846, the plaintiff, in pursuance of the leave
of the court heretofore given to amend the said writ of *scire
facias*, files in court here the following titling for an amend-
ment of the said writ of *scire facias* issued in this cause, to wit:

BALY L. CLARK *vs.* ROBERT DIGGES.     *Amended sci. fa.*

CHARLES COUNTY, *to wit: The State of Maryland to the
Sheriff of Charles county, greeting:* whereas, at a county court
begun and held at *Port Tobacco*, in and for *Charles* county
aforesaid, on the third Monday of August, in the year of our
Lord one thousand eight hundred and thirty-two, a certain
*Abraham Clark*, for the use of a certain *Baly L. Clark*, by
the judgment of the said court, recovered against a certain
*Robert Digges*, late of *Charles* county, yeoman, as well the
sum of twelve thousand dollars debt, as the sum of twelve
thousand dollars damages, and six dollars eighty-seven and one-
third cents for his costs and charges by him about his suit, in
that behalf laid out and expended, whereof the said *Robert
Digges* is convict, as it appears of record.   And whereas, the
said *Abraham Clark*, since the rendition of said judgment, hath
departed this life, to wit: at the county aforesaid, as it is said;
and although the said judgment was so given, yet it hath been
understood in the said court that execution thereof still remains
to be made; wherefore the said *Baly L. Clark*, to whom the
execution of and upon the said judgment ought to be made, and
now of right belongs, hath besought that a proper remedy be
granted unto him in this behalf; and as it is right and just that
those things which are lawfully transacted and adjudged, should
be carried into due and speedy execution, therefore, you are

hereby commanded, that by good and lawful men of your baili-wick, you give notice to the said *Robert Digges*, that he be and appear before the judges of the next county court, to be held at *Port Tobacco*, in and for *Charles* county aforesaid, on the third Monday in March next, to shew, if he have, or can say any thing for himself, why the said *Baly L. Clark* ought not to have his execution against him for the debt, damages, costs, and charges aforesaid, according to the force, form, and effect of the recovery aforesaid, if he, the said *Robert Digges*, shall think fit; and further, to do, &c.

On the back of the aforegoing titling was thus written, to wit: " The clerk of *Charles* county court will file this titling, and amend *scire facias* accordingly. THOS. F. BOWIE, *for Pl'ffs.*"

In conformity with said titling and direction the said clerk did amend said writ of *scire facias*, &c.

The defendant moved the court, that the writ of *scire facias* in this cause may be quashed and set aside, and assigns in writing here the following reasons, to wit:

1st. Because the same prays for execution, as if it were issued to revive and enforce a final judgment; whereas, the said defendant offers himself here ready to prove, by the original judgment, and the bond filed among the proceedings anterior to the same, that said judgment was interlocutory, the cause of action on which said judgment was obtained being a bond with collateral condition. And, as part of this motion, the defendant herewith files the original papers, the writ, declaration, bond filed, and the docket entries in said original cause, now of record in this court, to wit:

The writ was in debt for $12,000, issued 1st March, 1832, *Abraham Clark* against *Robert Digges*, to which the declaration conformed; but there was no assignment of breaches. The bond of *William D. Digges*, *William Brent*, and *Robert Digges* for $12,000, was dated 5th Nov., 1825, reciting that *W. D. D.* was about to sue out an injunction, and with condition, that if the above bound *William D. Digges* shall well and truly observe, perform and fulfil all and every decree or decrees, order or orders, which the county court, as a court of Chan-

15      v.5

cery, shall make and pass in the premises, then this bond to be void and of none effect, otherwise, &c.

"Sureties approved—Edmund Key—5th November, 1825."

AQUILA BEALL, *Cl'k of P. George's county court.*

DOCKET ENTRIES.

| ABRAHAM CLARK, use of BALY L. CLARK, *vs.* ROBERT DIGGES. | Debt, 1 capias, rule nar.—nar. and bond filed, rule plea—judgment for $12,000, penalty and costs. To be released on the |
|---|---|

payment of—

Attorney's fee, . . . . . . $3 33⅓

Sheriff's fee, . . . . . . 45

Clerk's fee, . . . . . . 2 59

Tax, . . . . . . . 50

_____

Signed 22nd August.          $6 87½

2nd. Because no right is shewn in said *Baly L. Clark* to issue *scire facias* in his own name.

The plaintiff then filed the following motion and affidavit, original docket entries before extension, and the 27th rule of court, to wit:

The plaintiff moves the court here, preliminary to the trial of this cause, to direct the clerk of this court to correct his misprision and mistake in extending the *original judgment,* on which the *scire facias* issued in this cause, by making the same to correspond with the facts and law, growing out of the pleadings in the original action, and the judgment as rendered by the court, and assigns the following reasons:

1st. Because the original judgment, as appears judicially by the pleadings in the record of said action, was rendered upon an absolute bond for the payment of a certain sum of $12,000, and the declaration, on which said judgment was rendered, does not disclose the cause of action to be a bond with a collateral condition.

2nd. Because the defendant, not having craved *oyer of the bond,* filed with the plaintiff's declaration, the said bond is not a part of the record in said original writ, and cannot judicially

be pronounced by the court to be a bond with collateral condition.

3rd. Because the clerk has made a mistake in extending the original judgment, by making it to appear that it is a judgment on a bond with a collateral condition, when the pleadings in the cause do not warrant any such inference or action of the clerk.

4th. Because the said original judgment ought to have been extended in point of fact as the law required it to be done, and not having been so extended, it is misprision in the clerk, and ought now to be corrected.

5th. Because under the 27th rule of court, herewith filed, the said judgment was not a judgment by default under the rule, but a confessed judgment, and absolute in its terms.

Personally appears, in open court, on this 28th day of August, A. D. 1845, *William B. Stone,* and makes oath upon the Holy Evangely of Almighty God, that he, as attorney for the plaintiff, prior to the issuing the *scire facias* in the above case, and a short time before August court, 1843, gave directions to *Mr. McCormick* then the acting deputy clerk in the clerk's office of this county, to make up the judgment in the above case in a proper manner, and issue *sci. fa.* to revive said judgment. That at the time said directions were given, the docket entries were particularly examined, and were " debt, 1 cap's, rule nar.—nar. and bond filed, rule plea, judg't," and no other entries, so far as recollected. That the other entries, now appearing upon said docket, in said case, were added after said instructions were given. That the said case was particularly pointed out to *Mr. McCormick,* and the instructions to the best of this respondent's recollection, were given in writing, with the titling in the above case.

Sworn to, this 28th day of August, 1845.

W. Mitchell, *Clerk.*

The beneficial plaintiff in this action, moves the court to correct the mistake of the clerk in extending the judgment in this cause, and to direct the same to be extended *nunc pro tunc,* for the following reasons:

1st. Because the judgment was rendered by confession, generally, to the declaration filed in the cause, and the declaration setting forth a good and substantial cause of action upon a bond for the payment of a sum certain, the judgment ought to have been extended for the sum of money and damages set forth and claimed in the declaration, and the costs of suit. The damages to be released on the payment of the debt and costs.

2nd. Because there was no agreement, or no other paper or proceeding in the cause which would authorize the conduct of the clerk in extending the judgment in the form in which it now stands. The original judgment having been entered simply "judgment."

3rd. Because for other reasons apparent upon the record in this case.

*27th Rule.* The rule day for filing declarations, and all pleadings, bills and answers, shall be the third Monday of February, and the third Monday of July, respectively, unless otherwise particularly directed by the court, and except in case of executors or administrators, which shall be on the second day of each term, after the rule is laid.

The defendant filed the following affidavit, to wit:

Personally appears, in *Charles* county court, this 26th day of March, 1846, *James McCormick,* and makes oath on the Holy Evangely of Almighty God, that while he was a deputy clerk in the clerk's office of said county, *William B. Stone,* Esq., an attorney of said court, some time in the year 1843, came to the said office, and requested this deponent to shew him the judgment of *Abraham Clark use of Baly L. Clark* vs. *Robert Digges,* of August term, 1832, the docket entries of which then stood, "debt, 1 capias, nar. and bond filed, rule plea, judgment,"—and were shown to said *William B. Stone,* by this deponent, when said *Stone* requested this deponent to extend the said judgment; that upon examining the papers, deponent felt doubtful how the judgment should be made up or extended, and to remove that doubt, deponent applied to the chief clerk in the office, *John Matthews,* Esq., who in-

structed this deponent to extend the said judgment, by adding after the word judgment, " for $12,000, penalty and costs. To be released on the payment of——." That shortly after said judgment was so extended, *William B. Stone*, attorney for the plaintiff, directed this deponent to issue a *scire facias* to revive said judgment, as extended; and the *scire facias* was accordingly prepared by this deponent from a memorandum left with him by *Major Stone*, (which memorandum has been lost;) and before said *scire facias* was placed in the hands of the sheriff, said *Stone* examined the same, and approved of it; which said writ of *scire facias* is in the hand-writing of this deponent, and was returnable to August term, 1843, of this court. Deponent further states, to the best of his impression and belief, that *Major Stone* did examine said judgment, as extended on the docket of August term, 1832, before he gave the aforesaid memorandum by which the *scire facias* issued.

Sworn to, in open court, this 26th day of March, 1846.

W. MITCHELL, *Clerk.*

The motion of the plaintiff for an instruction from the court here to the clerk of this court, to correct the misprision and mistake in extending original judgment, upon which the writ of *scire facias*, in this cause, issued, by making the same to correspond with the facts and law growing out of the pleadings in the original action and judgment as rendered by the court, was then overruled. The plaintiff appealed.

The plaintiff, after the court had overruled his motion to correct the misprision of the clerk, in extending the judgment, moved the court to allow him to amend the *scire facias*, by reciting the original judgment as actually extended; and with the insertion of a prayer for a writ of enquiry to assess the damages. This motion was also overruled, and the plaintiff again appealed.

The county court then on motion of the defendant, quashed the writ, with costs; and the plaintiff again appealed.

The cause was argued before ARCHER, C. J., DORSEY and MARTIN, J.

By CAUSIN and T. F. BOWIE for the appellant.

By BRENT and DIGGES for the appellee.

ARCHER, C. J., delivered the opinion of this court.

Two reasons are assigned for the motion to quash the *scire facias*.

1. Because the judgment upon which it issued is an interlocutory judgment, and

2. Because the appellant had no right to prosecute a *scire facias*.

In answer to the first reason, it may be remarked, that if the judgment was interlocutory, the appellee could avail himself of the objection on a plea of *nul tiel record*. The motion to quash the writ, in this case, was not an appropriate remedy. The writ of *sci. fa.* is not defective on its face, but states a good judgment.

But again, it is not an interlocutory judgment. The judgment is for penalty and costs, to be released on payment of ———. The amount of the sum to be paid is not stated.

From this entry of the judgment, we think it indicates a judgment, by confession, for the penalty, to be released upon the payment of such sum as might thereafter be agreed upon; and that it is not binding, as a judgment, until the sum shall be ascertained, as originally contemplated. It has been supposed, that the character of the judgment is to be ascertained by the proceedings and docket entries in the original suit. But we think, that we can only look for that purpose to the judgment, as it has been extended by the clerk. Whether it has been properly extended by the clerk, is not for us, in this suit, to determine. Motions for amendment have been made, but they were necessarily made in the original case, and could only be acted upon by us on an appeal taken in that case.

The second reason assigned, is, that the appellant had no right to issue a *scire facias* in his own name.

The act of 1830, ch. 165, gives the right to equitable assignees of judgments to issue *scire facias* in their own names, to revive the same without administration being granted on the

estate of the legal plaintiff; and it further provides, that in all suits entered for the use of any person, where the legal plaintiff shall die before judgment, the person for whose use the same may be entered, or his representative, shall have power to prosecute the same to judgment as if the legal plaintiff had not died. It has been argued, that as the act has made use of the term equitable assignee in one clause, and *cestui que use* in another, the rights conferred on an equitable assignee to issue a *sci. fa.* was not intended to be conferred on the *cestui que use;* to this proposition we cannot assent. The term equitable assignee is sufficiently comprehensive to include the *cestui que use;* and the right to prosecute a suit to judgment, on the death of the legal plaintiff, is conferred on the *cestui que use*, because he is the equitable assignee of the cause of action; and if he may prosecute to judgment in his own name, and in such name have execution, or a *scire facias*, there is nothing in the reason of the law which would exclude him from having a *scire facias* on a judgment, where he has prosecuted the suit in the name of the legal plaintiff.

The above observations dispose of the motion to quash the *scire facias.*

The only remaining question arises on the motion to amend the *scire facias,* so that it may conform to the judgment, on the supposition, that it was an interlocutory judgment. The judgment of the court below, was, we think, in this respect, right; for as we have before stated, the final entry of the clerk is to be considered, until amended, as the judgment of the court; and as it now stands, it is not an interlocutory judgment.

**JUDGMENT REVERSED, AND PROCEDENDO AWARDED.**