REBECCA SCHULTZE *vs.* THE STATE OF MARYLAND.

*Docket Entries accompanying a Fieri Facias—Presumption as to the Regularity of the proceeding of a Court of General jurisdiction—Jurisdiction of Courts as to a recognizance of Bail in removed Criminal Cases. Party accused required to be present in Court, if reasonably possible, and to join in the Recognizance of Bail—Where the Recognizance is taken from the surety or sureties alone—How irregularities in taking and forfeiting a recognizance of Bail to be availed of—Docket Entries—Nul tiel record—Motion to quash a fieri facias upon a Judgment on a forfeited recognizance—A Recognizance when Forfeiture is entered, becomes a Judgment which is enforcible by Execution.*

On a *fieri facias* sent from one county to another, the mere docket entries sent with the writ cannot be relied on to prove the actual state of the record in the Court from which the writ issued, and because they do not show that certain proceedings took place, it must not be concluded that such proceedings were never had.

The Circuit Court for Baltimore County being a Court of general jurisdiction, it is to be presumed that its proceedings were regular, and that whatever it has done was legally and rightfully done.

Schultze *vs.* The State.

The Circuit Court for Baltimore County, after the removal there of a criminal cause, and the actual receipt of the transcript of the record from the Criminal Court of Baltimore City, has power and jurisdiction to take the separate recognizance of bail for the appearance of one of the accused parties, although the latter was absent and remained at the time confined in Baltimore City jail.

It is proper in all cases, where it is reasonably possible, to require the presence of the party accused in Court, and that he shall join in the recognizance; but there are cases where this may be dispensed with.

If the party accused be an infant, or a married woman, or be sick, or in jail, and therefore absent, the recognizance is taken from the sureties or surety, alone.

A *fieri facias* recited the debtor's acknowledgment to the State in a certain sum, conditioned for the appearance of C. H. in Court on a certain day, and thenceforth from day to day without departing therefrom unless by leave of the Court, "as by the said recognizance in the said Court, remaining of record, manifestly appears." On a motion to quash the *fieri facias*, it was HELD:

1st. That whether there be such a record as the writ recites, can only be tried on plea of *nul tiel record* pleaded to the *fieri facias*, as provided by the *Code, Art.* 75, *sec.* 18.

2nd. That questions of irregularities occurring in taking and forfeiting the recognizance cannot be tried on motion to quash an execution issued thereon.

3rd. That to be relieved of such irregularities the party affected must make proper and timely motion in the recognizance case.

4th. That any irregularities or illegalities apparent upon the face of the *fieri facias* showing that it should not have issued may be taken advantage of by motion to quash.

5th. That a motion to quash an execution is not an appropriate or admissible mode of bringing under review the errors or irregularities that may exist in the judgment upon which the execution issued, unless such judgment be utterly void.

6th. That if C. H. had joined in the recognizance then it would have been proper and indeed necessary, and should so appear, that she also had been called to appear in Court before entering the forfeiture even as against her surety. But on the separate recognizance of her surety, the calling the accused was not an essential condition to the forfeiture. If the accused did in truth actually appear according to the tenor and condition of the recognizance, that is matter of discharge to be availed of by plea as provided by the *Code, Art.* 75, *sec.* 18.

7th. That if there be a question of variance between the record and the writ founded thereon, such question should be raised and tried on plea of *nul tiel record*, under the *Code, Art.* 75, *sec.* 18.

A recognizance is an obligation of record, and when forfeiture is declared and entered by the Court, it becomes a judgment which is enforcible by execution, and embraced within the terms of the *Code, Art.* 18, *sec.* 5, as amended and re-enacted by the Act of 1865, chapter 5, providing for the issuing of an execution to another County from that in which the judgment is rendered.

APPEAL from the Superior Court of Baltimore City.

A *fieri facias* against the appellant was issued out of the Circuit Court for Baltimore County, directed to the sheriff of Baltimore City, and returnable to the Superior Court of Baltimore City. The recitals in the writ were as follows :

"Whereas, at a Circuit Court for Baltimore County, begun and held at the court house for said county, on the second Monday of September, in the year 1874, a certain Rebecca Schultze, did enter into recognizance, and acknowledged herself to owe, and stand justly indebted to the State of Maryland, in the sum of five hundred dollars, current money, the said sum of money to be made and levied of her body, goods and chattels, lands and tenements respectively, to and for the use of the said State of Maryland ; upon condition, nevertheless, that if Catharine Higgins, did and should, well and truly make her personal appearance before the Judges of the Circuit Court for Baltimore County, to be held at the court house for said County, on the first Monday of December, then next ensuing, and attend the said Court from day to day, and not depart thence without leave thereof, then the said recognizance to be void, otherwise to be in full force and virtue in law, as by the said recognizance in the said Court remaining of record, manifestly appears.

"And whereas, at a Circuit Court begun and held at the court house, for the County aforesaid, on the first

Monday of December, in the year of our Lord, one thousand eight hundred and seventy-four, on the 4th day of January, 1875, the said Rebecca Schultze, the cognizor of the said Catharine Higgins ; in the said recognizance mentioned, being solemnly called to bring into the said Circuit Court, the body of the said Catharine Higgins, according to the tenor of the said recognizance, brought her not, but made default.   Whereupon it was considered by the said Court, that the recognizance aforesaid of the said Rebecca Schultze be forfeited.

"And whereas, on the 5th day of January, in the year 1875, command was given to the sheriff of Baltimore County, that of the goods and chattels, lands and tenements of the said Rebecca Schultze in his bailiwick being, he should cause to be made and levied the damages, costs and charges aforesaid, and that he should have those sums before the said Court, to be held at the court house in Towsontown, on the first Monday in March then next, to render unto the said, the State of Maryland, the damages, costs and charges aforesaid.   And on the 7th day of January, 1875, the said sheriff made return of said writ to said Court, that the said Rebecca Schultze had no goods or chattels, lands or tenements in his bailiwick, whereof he could cause to be made and levied the damages, costs and charges aforesaid."   "Therefore," &c., &c.

Accompanying this writ, was the following copy of the docket entries in the case :

State of Maryland

            *vs.*                In the Circuit Court for
                                        Baltimore County.
Catharine Higgins, Charles
          .Webber.                   Dec. Term, 1874.

Nov. 21, 1874.—Transcript of record from Criminal Court of Baltimore, fd.; larceny.   Same day, Rebecca

Schultze recog. in sum of $500, under jus. for appearance of Catharine Higgins before the Circuit Court for Baltimore County, and from day to day to remain.

Jany. 4, 1875.—Rebecca Schultze, surety, called to produce the body of Catharine Higgins, makes default, recog. forfeited ; B. W. ordered and issued for Catharine Higgins to Baltimore City sheriff.

Jany. 5, 1875.—Fi. fa. issued to Sheriff of Balto. County against Rebecca Schultze, (surety,) order of State's Attorney fd.

Jany. 7, 1875.— Tried before the Court the case of *State vs. Charles Webber.* Same day judgment guilty. Same day fi. fa. issued.

Jany. 5, 1875.—Returned *nulla bona* by Sheriff of Baltimore County. Same day fi. fa. with copy of docket entries sent to the Superior Court of Baltimore City.

On the return of the writ to the Superior Court of Baltimore City, the appellant filed a motion to quash, which the Court, (DOBBIN, J.,) overruled.

From this action of the Court, the present appeal is taken

The cause was argued before BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*Frederick C. Cook* and *Fetter S. Hoblitzell,* for the appellant.

First. The Circuit Court had no control of the prisoner's body, except by *habeas corpus,* during the interval elapsing between the transmission of the record and the first day of the next succeeding term, when by law, the body of the prisoner is transmitted to its custody and jurisdiction, and therefore could not deliver her to bail— whence it follows that any recognizance taken from bail for that purpose is without consideration and void, since

the bail could not protect himself by surrender of the prisoner or otherwise, and that this recognizance being so taken is void. *Code, Supplt.* 1868, *Art.* 75, *sec.* 77, *p.* 173 ; *Code, Art.* 29, *sec.* 67 ; 3 *Blkst. Com.*, 290 ; *Com. Dig., Tit. Bail, A.* ; *Anonymous,* 6 *Mod.,* 231 ; *Sheers vs. Brooks,* 2 *Hy. Bl.,* 120 ; *Commonwealth vs. Loveridge,* 11 *Mass.,* 337 ; *Commonwealth vs. Otis,* 16 *Mass.,* 198 ; *State vs. Montgomery,* 7 *Blkfd.,* 221 ; *Cooper vs. State,* 23 *Ark.,* 278.

Second. Conceding *argumenti gratia,* that the Circuit Court had authority in the premises to take the recognizance, yet that actually taken, is, as appears by the docket entries, fatally defective—because :

1st. There is no acknowledgment of indebtedness to the State apparent on the docket or in the record, except in the *fi. fa.*, and under our practice the formal writs and pleadings are generally exemplified from the short docket entries, which therefore should especially in the case of such obligations, contain all the essentials requisite, at least in brief. *Commonwealth vs. Emery,* 2 *Binn,* 431 ; *Pierson vs. Commonwealth,* 3 *Grant,* (*Pa.,*) 314 ; *People vs. Felton,* 36 *Barb. N. Y.,* 429 ; *People vs. Rundle,* 6 *Hill,* 506 ; *People vs. Graham,* 1 *Parker's Cr. R.,* 141.

2nd. Because no offence appears in the recognizance to be charged *against the prisoner,* and as this would be a good plea to a *sci. fa.* on the forfeited recognizance, it is open to the surety under our Code in any form of pleading the circumstances of the case may require him to adopt. *Code, Art.* 75, *sec.* 18, *p.* 509 ; *State vs. Corson,* 1 *Fairfield,* 473 ; *State vs. Lane,* 33 *Maine,* 536 ; *Simpson vs. Commonwealth,* 1 *Dana,* 523 ; *Kingsbury vs. Clark,* 1 *Conn.,* 406 ; *Commonwealth vs. Daggett,* 16 *Mass.,* 447 ; *Cotton vs. State,* 7 *Tex.,* 547.

3rd. Because no time of appearance is set forth in the docket entries from which the recognizance is subsequently formally made up, and therefore the undertaking of the surety is void for uncertainty, nay, even according to the

strict letter of the law, impossible of fulfilment. *Coleman vs. State,* 10 *Md.,* 168 ; *Treasurer vs. Merrill, &c.,* 14 *Vermt.,* 64 ; *Butler vs. Stork,* 12 *Sm. & Marsh.,* 472.

Third. Granting still further that the recognizance was valid as well in form as substance, still the forfeiture of the recognizance was utterly unlawful and is therefore void ; whence it follows no further proceedings thereon will be sustained, but a motion to quash will reach the error, when made to a *fi. fa.* on said forfeited recognizance because :

1st. The recognizance was forfeited without calling the prisoner, and *non constat,* but that she was in Court ready for trial— but even if not, her notorious absence would not dispense with any legal formality, since this is an attempt to charge a third party, and therefore the forfeiture is void. 1 *Chitty C. Law,* 106 ; *Dillingham vs. The V. S.,* 2 *Wash. C. C. R.,* 422 ; *State vs. Grigsby,* 3 *Yerg.,* 280 ; *White & Chilcut vs. State,* 5 *Yerg.,* 183 ; *Park vs. State,* 4 *Geo., (Kelly & Cobb,)* 329 ; *Alley, et al. vs. People,* 1 *Gilman,* 109 ; *Urton, et al. vs. State,* 37 *Ind.,* 339.

2nd. The motion to quash is the proper proceeding to reach all the errors heretofore pointed out. *Evans' Practice,* 491, *and cases cited.*

Fourth. In the erroneous state of the record, to wit, the discrepancy apparent on its face between the docket entries transmitted to the Superior Court of Baltimore City, and the *fi. fa.* returnable thereto by the sheriff of Baltimore City, the *fi. fa.* should have been properly quashed, since the docket entries are conclusive of the character of the judgment, its amount, &c. until corrected by the Court. *Clark vs. Diggs,* 5 *Gill,* 109 ; *Clammer vs. State,* 9 *Gill,* 280 ; *Federal Hill Steam Ferry Co. vs. Mariner,* 15 *Md.,* 224 ; *Huston & Hauck vs. Ditto,* 20 *Md.,* 325 ; *Phila. Wilm. & Balt. R. R. vs. Howard,* 13 *How.,* 307.

Fifth. The *fi. fa.* issued by the clerk of the Circuit Court for Baltimore County, to the sheriff of Baltimore City,

appears by reference to the docket entries, to be issued in direct violation of the law inhibiting the *fi. fa.* issued to another county, to be issued returnable earlier than the same could have been in the county where judgment was rendered. *Code, Art.* 18, *sec.* 5 ; *Act* 1865, *ch.* 5 ; *Act* 1872, *ch.* 180.

*Attorney General Syester,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The reasons assigned in the Court below for quashing the *fieri facias* are, 1st, that the writ issued improvidently and without due warrant of law ; 2ndly, that the recognizance alleged to be forfeited by the judgment of the Circuit Court for Baltimore County is in fact null and void ; and 3rdly, that the *fieri facias* ought to be quashed for sundry other errors and irregularities apparent upon the face of the proceedings.

Without stopping to inquire whether the grounds thus assigned in support of the motion to quash be sufficiently specific to raise the questions presented in the brief of the counsel of the appellant, in view of the rule which precludes this Court from deciding any point or question not plainly presented by the record as having been tried and decided by the Court below, we shall, upon the assumption that such questions are properly before us, proceed to consider them in the order in which they are stated in the brief.

Before doing so, however, it is proper to notice the fact, that though several of the questions presented involve the true state of the record of the proceedings in the Circuit Court for Baltimore County, on which the *fieri facias* issued, yet that record was not produced in the Court below, and, of course, is not before this Court. The short docket entries, sent with the *fieri facias* to the Superior Court, appear to have been the only evidence relied on to

establish the several illegalities and irregularities alleged to exist in the proceedings. These docket entries, however, while they are required to be sent with the *fieri facias* on which the Court receiving them may act in renewing the writ or otherwise, and may, for certain purposes, be evidence that certain proceedings were had, by no means prove the true state and contents of the record ; nothing short of the record itself, or an exemplification thereof, will do that. The mere docket entries, therefore, cannot be relied on to prove the actual state of the record in the Circuit Court for Baltimore County ; and because they do not show that certain proceedings took place, we are not therefore to conclude that such proceedings were never had. On the contrary, the Circuit Court for Baltimore County being a Court of general jurisdiction, we are to presume its proceedings to be regular, and that whatever it has done was legally and rightfully done.

1. Now, the first question presented is, whether the Circuit Court for Baltimore County, after the removal of the cause and the actual receipt of the transcript of the record from the Criminal Court of Baltimore City, had power and jurisdiction to take the separate recognizance of the appellant for the appearance of Catharine Higgins, one of the parties accused, although the latter was absent, and remained at the time confined in the Baltimore City jail? This latter fact appears only inferentially, but taking it as sufficiently plain, we can perceive no real difficulty in maintaining the validity of the recognizance.

Upon the receipt of the transcript of the record of the removed cause, the Circuit Court for Baltimore County at once acquired jurisdiction, not only of the cause itself, but of the parties accused ; and the fact that they were detained in prison in Baltimore City in no manner affected the jurisdiction thus acquired. The statutes referred to, providing that the parties accused, if in prison, shall not be removed until the first day of the session of the Court to which

their cases have been transmitted, have no reference to the question of jurisdiction, but to other objects exclusively. The Circuit Court having jurisdiction of the parties, it was competent to release them from imprisonment upon taking bail for their appearance; and if it be true, as supposed, that Catharine Higgins was not present in Court when the recognizance was acknowledged by the appellant, it does not follow that the recognizance is therefore void. It is certainly proper in all cases, where it is reasonably possible, to require the presence of the party accused in Court, and that he shall join in the recognizance; but there are cases where this may be dispensed with. Such is the case if the party accused be an infant, or a married woman, or be sick or *in jail*, and therefore absent; under such circumstances, the recognizance is taken from the sureties or surety alone. 1 *Chit. Cr. L.*, 104. In *Bacon's Abr.*, *tit. Bail*, *k*, it is said that, "Where the principal is an infant or *in prison*, and so absent, the recognizance is taken of the bail only; and the justices grant a warrant under hand and seal to discharge the prisoner out of jail;" and for this is cited the high authority of Lord HALE, 2 *P. C.*, page 126.

2. The second question presented is based upon the non-appearance of what are supposed to be essentials to the validity of the recognizance.

It is contended that because the short docket entries do not show all the terms and conditions of the recognizance,—such as the acknowledgment of indebtedness to the State, of what crime the prisoner was charged, and the particular time for appearance to answer,—therefore the recognizance itself should be declared void. But, as we have said, these short docket entries cannot be relied on to prove the real state and contents of the record, nor are we to assume that there is not a more formal and extended record of the proceedings in existence than the mere short entries of the clerk made upon his docket. The

*fieri facias* before us recites the appellant's acknowledgment to the State in a certain sum, conditioned for the appearance of Catharine Higgins in Court on a certain day, and thenceforth from day to day, without departing therefrom, unless by leave of the Court, "as by the said recognizance in the said Court remaining of record manifestly appears." Whether there be such record as here recited can only be tried on plea of *nul tiel record*, pleaded to the *fieri facias* as provided by the Code, Art. 75, sec. 18. Questions of irregularities occurring in taking and forfeiting the recognizance cannot be tried on motion to quash an execution issued thereon. To be relieved of such irregularities the party affected must make proper and timely motion in the recognizance case. *Boyle vs. Robinson*, 7 *H. & J.*, 200; *Clark vs. Digges*, 5 *Gill*, 109. Any irregularities or illegalities apparent upon the face of the *fieri facias*, showing that it should not have issued, may be taken advantage of by motion to quash; but this in no manner involves questions of irregularities that may have occurred in taking and forfeiting the recognizance. A motion to quash an execution is not an appropriate or an admissible mode of bringing under review the errors or irregularities that may exist in the judgment upon which the execution issued, unless such judgment be utterly void.

3. The third question is predicated of what is supposed to be a fatal omission in the Circuit Court, in not calling Catharine Higgins before forfeiture entered against the appellant. This question is disposed of in what we have already said in reference to the question last considered. Whether the accused was called or not does not appear; but it is recited in the *fieri facias* that the appellant, in whose custody the accused was supposed to be, was solemnly called to bring into Court the body of Catharine Higgins, according to the tenor of the recognizance, but that the appellant failed so to do, and made default; whereupon it

was considered by the Court that the recognizance of the appellant be forfeited. If Catharine Higgins had joined in the recognizance, then it would have been proper, and indeed necessary, and should so appear, that she also had been called before entering the forfeiture, even as against the appellant. But on the separate recognizance of the appellant the calling the accused was not an essential condition to the forfeiture. If the accused did in truth actually appear, according to the tenor and condition of the recognizance, that is matter of discharge to be availed of by plea, as provided by the Code, Art. 75, sec. 18.

4. As to the fourth point on the brief, that is disposed of in what has already been said. In a case like the present we are not, as contended by the appellant, to take the docket entries as controlling, and if there be a question of variance between the record and the writ founded theron, (the party having the right to plead as to a *scire facias*,) that question should be raised and tried on plea of *nul tiel record*, under the Code, Art. 75, sec. 18. 5 *Gill*, 109; 6 *Md.*, 444.

5. With respect to the fifth and last question presented, we perceive no real difficulty, such as that supposed to exist. A recognizance is an obligation of record, and when forfeiture is declared and entered by the Court, it becomes a judgment. It is then like an ordinary judgment, enforcible by execution, and is clearly embraced within the terms of the Code, Art. 18, sec. 5, as amended and re-enacted by the Act of 1865, chapter 5, providing for the issuing of an execution to another county than that in which the judgment is rendered. There was no stay of execution upon this judgment, and hence the provision in the Act of 1865, ch. 5, that no execution shall be issued and directed to another county earlier than the same could be issued and directed to the sheriff of the county or city wherein the judgment may have been rendered, has no application to this case.

It follows that the judgment appealed from must be affirmed, and the case remanded.

*Judgment affirmed.*

(Decided 24th November, 1875.)