(Decided 9th January, 1885.)

EDWARD G. HALL, surviving obligor of H. C. SCOTT *vs.* CHARLES CLAGETT, Guardian of MARY C. SCOTT, use of JOHN C. GARDNER, use of SAMUEL B. HANCE.

*Execution—Motion to quash—Fieri facias—Scire facias— Cestui que use of a Judgment—Venditioni exponas—Variance—Amendment—Insufficient ground to set a Sale aside.*

A motion to quash an execution does not open an inquiry into supposed errors or irregularities involved in the rendition of the judgment.

Hall *vs.* Clagett, *et al.*

If the judgment upon which the execution has been issued be not. final in its character, or if it be not executionable by reason of a. stay, or lapse of time, or such like causes, such defects in the issual of the execution may be taken advantage of by motion to quash. But in all cases the execution must conform to the judgment upon which it is issued, and not be variant therefrom.

Where a *fieri facias* is sued out after a *scire facias* on a judgment, the *fieri facias* must be grounded on, and contain a proper recital of, the judgment on the *scire facias*, even though the *scire facias* was sued out unnecessarily.

Where the *scire facias* is on a *supersedeas* judgment, the *supersedeas.* judgment and the revival thereof have an independent operation, so far as the running of the Statute of Limitations and the process. of execution are concerned.

Except where the legal plaintiff on the record may die, and the *cestui que use* is authorized by statute to prosecute the action, or to revive the judgment in his own name, the name of a mere *cestui que use* of the judgment is never used as legal plaintiff in the body of the execution.

It is unnecessary to incumber the writ of *venditioni exponas*, with long recitals of the proceedings, prior to the issuing of the *fieri facias* upon which it is founded. It should simply recite the former writ and return, and command the sheriff to make sale of the property remaining unsold.

The judgment on which an execution was issued, as recited in the writ, was for so much debt, so much damages, and costs; and the command to the sheriff was to make those respective sums. The judgment upon the record showed that the damages were to be released upon the payment of the debt, with interest thereon, and. costs. On appeal from an order overruling a motion by the execution purchaser to quash the writ of *venditioni exponas*, it was HELD :.

1st. That this conditional release of the damages was an essential part of the judgment, and should not have been omitted in the. recital of the judgment in the execution.

2nd. That such variance, however, did not render the process void, but only voidable.

3rd. That being judicial process, there was an inherent power in the. Court to amend and correct the writ, so as to make it conform to the record.

4th. That in order that the right and benefit of amendment might be obtained in the case, the order appealed from would be reversed, but the motion to quash or set aside the writ, would be refused, and the case remanded to the Court below, where the motion to amend might be made.

The amount of the taxes due on the property was made known at the time and place of the sale, and the property was expressly sold subject to such taxes.  HELD:

That the sale of the property subject to said taxes, was not a ground for setting aside the sale at the instance of the defaulting tax-payer.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, and RITCHIE, J.

*D. Claude of A.,* and *D. R. Magruder,* for the appellant.

*Joseph K. Roberts,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The appeal in this case is from an order overruling a motion to quash a writ of *venditioni exponas,* under which a sale of certain real estate of the appellant was made. Many reasons are assigned in support of the motion, and some of them proceed upon the supposition, that errors and irregularities in the judgments recited in the execution can be availed of upon the motion to quash.  Whereas upon such motion to quash the writ, no such question can arise. *Boyle vs. Robinson,* 7 *H. & J.,* 200; *Clark vs. Diggs,* 5 *Gill,* 109; *Trail vs. Snouffer,* 6 *Md.,* 308; *Schultz vs. The State,* 43 *Md.,* 295.   A motion to quash an execution does not open an inquiry into supposed errors or

irregularities involved in the rendition of the judgment; if there be such errors or irregularities they must be ·corrected by the proper proceeding for so doing taken in the particular case. If the judgment upon which the execution has been issued be not final in its character, or if it be not executionable by reason of a stay, or lapse of time, or such like causes, such defects in the issual of the ·execution may be taken advantage of by motion to quash. But in all cases the execution must conform to the judgment upon which it is issued, and not be variant therefrom.

By the recitals in the *vendi.* it appears that in 1863, a judgment was recovered in the Circuit Court for Prince George's County, by Charles Claggett, guardian of Mary C. Scott, against the defendant Hall, for as 'well the sum of $2203.71, with interest from the 16th of November, 1863, as the sum of $8000 damages, sustained by reason of the detention of the debt, as also $16.78, for his costs. Whereas, by the short copy from the docket entries of that judgment, filed in this case, it appears that the judgment was on verdict for $8000 damages, and costs; to be released ·on payment of $2203.71, with interest from the 16th of November, 1863, until paid, and costs. It thus appears ·that the judgment on the roll was not correctly recited in ·the writ, and that the important term in the judgment, that the damages should be released upon the payment ·of the debt, with interest and costs, was wholly omitted. This judgment was superseded by Lowe, Scott and Gardner, and upon the expiration of the stay, an appeal was ·taken to the Court of Appeals from the *supersedeas* judgment, and which judgment was duly affirmed by the Court of Appeals, at the October Term, 1865. In reciting the judgment of the Court of Appeals in the writ, the release of the damages is also omitted. The writ recites that on the 15th of June, 1870, a *scire facias* was issued out of the Court of Appeals upon the judgment of affirmance, against all the defendants therein, returnable to the next

Circuit Court for Prince George's County ; and, after some immaterial recitals, it then recites the judgment for execution, recovered at the October Term of Prince George's County, 1871, against the defendant Hall alone, thus: That the plaintiff have execution against the defendant Hall, "for as well the debt, damages, costs and charges last aforesaid, as also the sum of $19.35 for cost of *fiat,*" &c. The writ of *scire facias* is not set out in the record, nor is the writ of *fieri facias* which issued on this judgment *fiat,* on the 7th of December, 1871, and under which the property was seized that was afterwards sold under the *vendi.* The command of the latter writ was that the property be sold to satisfy "the debt, damages, costs and charges aforesaid," &c.

It appears from the short copy of the judgment *fiat,* that the judgment was an award of execution against Hall alone for $2203.71 debt, and $8000 damages and costs ; the damages to be released on payment of the debt, with interest, &c., and $16.78 costs of original judgment, $29.55 costs in the Court of Appeals, and costs on *sci. fa.* $19.35. This judgment is not properly recited in the writ, and the condition upon which the damages were to be released has been wholly omitted. Indeed, a more inartificially drawn process has seldom been issued.

The judgment on the *scire facias* is the effective judgment, and ought to have been accurately recited in the process of execution. Where a *fieri facias* is sued out after a *scire facias* on a judgment, the *fieri facias* must be grounded on, and contain a proper recital of, the judgment on the *scire facias,* even though the *scire facias* was sued out unnecessarily. *Davis vs. Norton,* 1 *Bing.,* 133; 2 *Tidd's Prac.,* (*9th Ed.,*) 998. The *scire facias* was on the *supersedeas* judgment, and whether the judgment *fiat* operated to revive the original judgment, it is unnecessary to decide, as the *supersedeas* judgment and the revival thereof have an independent operation, so far

as the running of the Statute of Limitations and the process of execution are concerned. *Smith vs. Anderson*, 18 *Md.*, 520. How or upon what state of pleadings the other parties bound in the *supersedeas* judgment was severed from Hall, or upon what ground the judgment *fiat* was entered against Hall alone, does not appear, nor is it material to inquire. We must take the judgment as we find it upon the record, without question of its regularity. It appears, however, that at the time of the entry of the judgment on the *scire facias,* the case had been entered to the use of John E. Gardner, one of the sureties in the *supersedeas* judgment; and we may suppose, therefore, that he had satisfied the plaintiff, and had become equitable assignee of the judgment, and that it was revived, and execution thereon awarded, for his benefit, against Hall the principal debtor. This was competent to be done, according to principle and settled practice, (*Norwood vs. Norwood*, 2 *H. & J.*, 238; *Southern's Lessee vs. Reed*, 4 *H. & J.*, 307; *Merryman vs. The State*, 5 *H. & J.*, 427; *Hollingsworth vs. Floyd*, 2 *H: & G.*, 90,) and Hall, the principal judgment debtor, can make no objection to such use and execution of the judgment.

One of the reasons assigned for quashing the *vendi.* is, that the writ of *fieri facias* was sued out in the name of the State of Maryland, without authority of law, and there was no legal party prosecuting the writ. But this is an entire misconception. The writ of *fieri facias,* as we gather from the recitals in the *vendi.,* was sued out not in the name of the State, but in the name of Clagett, the legal plaintiff, upon the record. It is true, there had been a use entered to the State, but that did not make the State a legal plaintiff upon the record. And supposing, as is contended by the appellant, that this use to the State was wholly unauthorized and invalid, it could in no manner affect the validity of the execution. The recitals of the mere equitable uses in the body of the writ were not only

Hall *vs.* Clagett, *et al.*

non-essential, but are to be regarded as matter of surplusage. Such uses are generally entered in the titling of the cause on the docket, and indorsed in the titling on the back of the writs ; but except where the legal plaintiff on the record may die, and the *cestui que use* is authorized by statute to prosecute the action or to revive the judgment in his own name, the name of a mere *cestui que use* of the judgment is never used as legal plaintiff in the body of the execution. The names of the legal parties alone are thus used. The objection that the execution was in the name of the State is therefore without foundation.

The *fieri facias* not being before us, and the motion to quash applying only to the *vendi.*, we could not be, and are not, called upon to determine anything in regard to the sufficiency of the *fieri facias*, or the regularity of its issual. We must therefore assume that it was sufficient and in all respects valid. It is only with respect to the form and legal sufficiency of the *vendi.* that we are now called upon to pass. The proper form of the writ is of a very simple nature, and it was therefore wholly unnecessary to incumber it with long recitals of the proceedings prior to the issuing of the *fieri facias*, upon which it was founded. It should simply have recited the former writ and return, and commanded the sheriff to make sale of the property seized and remaining unsold. 2 *Har. Ent.*, 776. As said by this Court, in *Clark vs. Belmear*, 1 *G. & J.*, 448, "The *fieri facias* is the effective writ in these cases ; it not only authorizes the sheriff to seize, but to sell. Very different is the office of a *venditioni exponas*. That confers no new power on the sheriff; it does not authorize him to do any act that he might not have done under the *fieri facias*. It is only a mandatory writ, and directs him to carry the *fieri facias* into effect, by selling the lands taken in execution under it, and when the lands are sold, the return to the *vendi.* relates to, and in legal effect becomes part of, the return to the *fieri facias.*" See

also *Manahan & Gorman vs. Sammon & Thurston*, 3 *Md.*, 463.

Now, putting aside the non-essential and irrelevant matter introduced into the frame of the writ, as mere surplusage, the only ground of objection that affects the legal sufficiency of the writ is the variance between the judgment as recited, and that upon which the process issued. As we have seen, the judgment as recited is for so much debt, so much damages, and costs; and the command to the sheriff was to make those respective sums. Whereas the judgment upon the record shows that the damages were to be released upon the payment of the debt, with interest thereon, and costs. This conditional release of the damages is an essential part of the judgment, and should not have been omitted in the recital of the judgment in the execution. *Ing & Mills vs. The State*, 8 *Md.*, 287. Such variance, however, does not render the process void, but only voidable. *Miles vs. Knott*, 12 *G. & J.*, 442; *Bissell vs. Kip*, 5 *John.*, 89-100.

How then should this defect in the process be dealt with, under the circumstances of the case? To quash the process for such a defect would not only defeat what would appear to be a fair sale of the property, but would most likely result in a defeat of all execution of the judgment. This would be a great hardship to the judgment creditor, and especially so as it would be occasioned by the unskilfulness or misprision of the officer of the Court, and without the fault of the party himself. To meet such cases, the power of amendment of executions is very large, and is most liberally applied by the Courts, to prevent injustice and to protect purchasers at judicial sales. Hence writs of execution may be and are constantly amended by the judgment, or by the award of them on the roll, or by former process; and this is allowed even after application to set them aside, unless the rights of innocent third parties have intervened. Being judicial process, there is an inherent power in the Courts, to amend and correct them,

so as to make them conform to the record. There must always, however, be something by which the amendment may be made. *Hazeldine vs. Walker*, 1 *H. & J.*, 487 ; *Prather vs. Manro*, 11 *G. & J.*, 261 ; *Laroche vs. Washbrough & Mailand*, 2 *Durn. & East*, 737 ; *Bissell vs. Kip*, 5 *John.*, 89, 100 ; *Porter vs. Goodman*, 1 *Cow.*, 413. The cases are too numerous to be here cited, but they may be found collected, and the result of them well stated, by Mr. *Freeman*, in his valuable work *On Executions*, from section 63 to 72, under title *"Amendments."* He says, " Amendments to conform executions to the judgments on which they were issued have been of very frequent occurrence. By such amendments, a variance in the name of the plaintiff, or of the defendant, or in the date, or amount of the judgment, may be corrected; or the name of a party may be entirely stricken out when its insertion was not warranted by the judgment ; or a name improperly omitted may be inserted." Sec. 67. And in section 78, in giving the result of the cases with respect to motions to quash for errors in the form of the writ, the author says: " Numerous cases may, no doubt, be found in the reports, in which, for harmless informalities or variances, writs have been quashed. The decisions, however, show a tendency, strong at the first and still increasing, to correct rather than to destroy; to respond to motions to quash by refusing such motion, and ordering the writ to be so amended as to free it from all objection, whenever this can be done by reference to the record." And he cites many cases both English and American, in support of his text.

In order, therefore, that the right and benefit of amendment may be obtained in this case, we shall reverse the order appealed from, but refuse to quash or set aside the writ, and shall remand the case to the Court below, where the motion to amend may be made.

In view of the terms of the order to enter the appeal in this case, it is very questionable whether the motion to set

aside the sale, for reasons that apply only to the manner of making it, is properly before this Court. But assuming that the appeal taken embraces that portion of the order of the Court below which refused to set aside the sale, we discover nothing in the facts of the case that would require the sale to be disturbed. That the property was sold subject to the arrearage of taxes due thereon, is not a ground for setting aside the sale at the instance of the defaulting taxpayer, we think is clear. The amount of the taxes due was made known at the time and place of sale, and the property was expressly sold subject to such taxes. No person dealing with the property has been deceived, and no person has been or can be prejudiced. The property still remains liable for the taxes due thereon, and the judgment debtor has in no manner been prejudiced by the manner of making the sale.

> *Order reversed, and*
> *cause remanded for amendment.*

(Decided 9th January, 1885.)