Dornan Bros. *v.* Benham Furniture Co.

DORNAN BROS. *v.* BENHAM FURNITURE CO.

(*Jackson.* April 15, 1899.)

1. REPLEVIN. *Judgment in, not impeached, when.*

A judgment for defendant in replevin, allowing him interest upon the value of the property seized during detention, cannot be impeached by a motion to quash an execution issued thereon; but, if it could, the impeachment would be vain, as such judgment conforms strictly to the law. (*Post, pp. 304, 305.*)

Code construed: § 5144 (S.); § 4126 (M. & V.); § 3390 (T. & S.).

2. SAME. *Execution quashed.*

Where a judgment for the defendant in replevin is in the alternative for the return of the goods seized, or their value in a sum specified, an execution issued thereon against the plaintiff's property for the value of the goods, without providing for satisfaction by return of the property, is fatally variant from the judgment, and will be quashed on motion. (*Post, pp. 305, 306.*)

Case cited and distinguished: Epperson *v.* Van Pelt, 9 Bax., 75.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

T. W. BROWN for Dornan Bros.

I. H. PEREZ for Furniture Co.

CALDWELL, J. Dornan Bros. brought this action of replevin against the Benham Furniture Company

to recover the possession of a large lot of carpeting. The jury returned a verdict in favor of the defendant, fixed the value of the goods delivered to the plaintiffs under the writ at $595, and assessed no damages. Upon this verdict judgment was entered in favor of the defendant and against the plaintiffs and the sureties on the replevin bond for $595, the value of the goods, and $148.75 interest thereon from the service of the writ, making in all $743.75. The judgment recited upon its face that the recovery of $743.75 might be fully satisfied by a return of the property involved.

Subsequently an execution was issued to the Sheriff, commanding him unconditionally to collect the $743.75, and making no allowance whatever for the return of the property. Thereupon the plaintiffs moved the Court to quash the execution for several reasons assigned. Only two of these reasons need here be stated. They are (1) that the execution includes interest on the value of the goods when none was allowed in the verdict on which the judgment was entered, and (2) that the execution did not permit satisfaction by a return of the property. The motion to quash was overruled, and the plaintiffs have appealed in error.

1. In the inclusion of interest, the execution rightly followed the judgment. It could not have been regular and valid otherwise. The insistence of counsel that the judgment itself was bad because it included interest when none was allowed by the jury,

Dornan Bros. *v.* Benham Furniture Co.

can be of no avail in this proceeding. A judgment cannot properly be impeached for such a reason on a mere motion to quash an execution (*Hall* v. *Claggett*, 63 Md., 57), and if it could, the impeachment would be a vain one in this case, because this judgment is in strict accordance with the law. By the terms of the statute (Shannon, § 5144) the defendant, being successful in the suit, was entitled to recover the value of the goods, with interest thereon, and damages for their detention, the value of the goods and the damages to be found by the jury, and the interest to be added as a matter of law.

2. The execution was fatally defective and should have been quashed because its mandate was for the unconditional collection of money and did not permit a satisfaction by a return of the goods. The judgment pursued the statute (Shannon, § 5144) in providing that the money recovery might be satisfied by a return of the property. The execution should have followed the judgment and included that provision.

The general rule that an execution must follow the judgment in all material particulars is applicable in this case as to both the interest on the value of the goods and the permission for their return. Both parties recognize the soundness of this rule, but they do not agree as to the extent of its application in this case. The plaintiffs would avoid it as to the item of interest and apply it as to the right to re-

turn the property, while the defendant would apply it in the former instance and avoid it in the latter. It is equally applicable in each particular, and can be avoided in neither.

Counsel for defendant says that the goods were disposed of by the plaintiffs before the trial, and that for that reason it would be an idle and useless form to include permission for their return in the execution. But it is too late now to make that contention. It may be that unmistakable proof that the goods could not be returned would have justified the trial Judge in omitting from the judgment the provision in reference to their return (*Epperson* v. *Van Pelt*, 9 Bax., 75), but he did not do so, and both parties are alike bound by the terms of the judgment as entered. Let the execution be quashed for the reason that it does not follow the judgment as to the permission to return the property.