EJECTMENT for a tract of land called West Pudding” bon, lying in Anne Arundel County, containing 340 acres.
The defendant took defence for 50 acres of West Puddington. At the trial of the cause two bills of exceptions Were taken.
1. The plaintiff in order to prove his title to West Paddington, according to his pretensions as laid down on the plots returned to the Court, upon the defendant’s defence taken upon the return of a warrant of resurvey, proved that the great grandfather of the lessor of the plaintiff, was possessed, eighty years ago, of all the tract of land in question, as the same was laid down by the plaintiff on the plot $ that the land descended, by regular descent, to the father of the plaintiff sixty years ago, who became thereof seised as heir at law, and continued seised till fifty years ago, when Charles Tilley entered into fifty acres, part of the said tract of land, for which the defendant took his defence; that after the entry of Charles Tilley, the father of the lessor of the plaintiff, continued seised of the residue of the said tract, and died seised' thereof, whereupon the same de *180 scended to the lessor of the plaintiff, being the heir at law ^'ls father. And the lessor of the plaintiff being thereof seised in the year 1741, a certain Samuel Burgess released {deed indented unto him, “ all the right, title, interest, “ claim and demand of him the said Samuel, of, in and to 44 all and singular that tract or parcel of land called West 44 Puddington, lying in Anne Arundel County, containing 44 340 acres, and now being in the actual possession of the 44 said Richard BeardP The plaintiff also proved that at the time the release bears date, the said Samuel Burgess had the whole right to all the tract of land, as heir at law to the original patentee. Whereupon the defendant offered in evidence to the Jury, that Charles Tilley who entered into the fifty acres, died possessed of them, and that at his death, a certain Thomas Tilley, as his son and heir at law, entered into the same and was thereof possessed, and being so possessed, on the 7th of November, 1734, conveyed to William Chapman, who conveyed to the defendant, who was possessed of the land till the bringing of the ejectment; but that the said fifty acres were not laid down by the defendant in the plot, according to the metes and bounds contained in the deeds, as any part of the defendant’s. pretensions, nor were the metes and bounds proved to the Jury, nor was it in evidence to the Jury, that the fifty acres of land, or any part thereof mentioned in the deeds, were any part of the defendant’s pretensions as laid down on the plot.
Thereupon the defendant prayed the Court would direct the Jury, that if they should be of opinion that the defendant proved, that the fifty acres was so possessed by Charles and Thomas Tilley, as aforesaid, and that the deeds from Thomas Tilley to William Chapman, and from William Chapman to the defendant, were executed by them respectively, and that the fifty acres were possessed by virtue of the said deeds, then the said release of Samuel Burgess did not convey a title to the lessor of the plaintiff.
But the Court did declare their opinion to be, and did direct the Jury, that the deed of release did convey a *181 legal title to the lessor of the plaintiff, in all the tract of and, unless the defendant proved, that the fifty acres of land were severed from the other part of the tract which the plaintiff was in possession of, by a conveyance from a person who, at the time of making the conveyance, had a right to the tract of land called West Puddington. The defendant excepted.
2. The defendant, to prove the issue on his part, offered in evidence to the Jury a transcript of a record made by a special Court, constituted by a commission from the Governor of this Province under the great seal thereof, by virtue of an act of Assembly, entitled “ An act for the rest lief of Anne Arundel County, and all persons concerned “ in the records thereof lately burntwhich record decrees a deed from Aaron Rawlins to Charles Tilley for Timber Neck. The plaintiff insisted that the record ought not to be given in evidence to the Jury, because it was not signed by three or more of the commissioners which constituted the special Court; and although the defendant produced to the Court the books containing the record, which books contained all the judgments and determinations ever made by authority of the said act of Assembly, by which it appeared to the Court, that the commissioners which constituted the special Court, had legally qualified themselves to act as a Court, and that the clerk of the said commissioners, who made the record, was legally chosen and qualified to act as clerk, and that the commissioners had given more than sixteen days’ notice of the time and place of their setting, before they made the record, and regularly adjourned from time to time; and although it also appeared by the books aforesaid, that not one of the records made by the special Court were ever signed by the commissioners, or any one of them; and that the said books had been lodged with the clerk of Anne Arundel Count}-, agreeably to the directions of the said act; The Court declared it to be their opinion that the .record, not appearing to be signed by three or more of the commissioners, *182 for that reason ought not to be given in evidence to the Jury, to prove the issue on the part of the defendant. The defendant excepted to this opinion, and appealed to the Court of Appeals.
E. Dorsey and Dulany, jun. for appellant.
■S'. Bordley, for appellee.
Lib. E. J. No. 13. fol. 663.
The Court of Appeals at May Term, 1753, reversed the Judgment of the Provincial Court.