Le Strange, *et al. vs.* State, use of Roche, &c.

(Decided 2nd March, 1882.)

PATRICK LE STRANGE, CHARLES DUNN and JOHN W. MAXWELL, JR. *vs.* STATE OF MARYLAND, use of EMILY A. ROCHE, by her husband and next friend, MICHAEL ROCHE.

*Action on an Injunction bond taken in the name of the State under Art. 16, sec. 108, of the Code—Demurrer—Pleadings—Estoppel—Nul tiel Record—Appeal—Insufficient bar to an Action on an Injunction bond—Demurrer properly overruled—Evidence—Amendment—Motion in Arrest of Judgment—Husband and Wife—Next friend.*

An injunction bond was given to the State to indemnify M. R. and E. A. R., his wife, against loss by an injunction. An action on the bond was brought in the name of the State for the use of E. A. R. Profert was made of the bond, a copy of which was filed with the declaration, and the breach assigned was that the defendant, the principal obligor, did not prosecute the writ of injunction with effect, but on the contrary, such proceedings were had in the cause that the Court decreed the dissolution of the injunction, &c.; whereby the injunction bond became forfeited, and by reason thereof an action had accrued, but that the defendants had failed to pay to the said E. A. R., for whose use the action was brought, the amount of the bond, &c. On demurrer it was HELD:

1st. That upon bonds taken in the name of the State, under Art. 16, sec. 108, of the Code, suit must be brought in the name of the State, but it is only those having an interest in the subject-matter of the condition, and for whose benefit the bond is taken, that can put the bond in suit.

Le Strange, *et al. vs.* State, use of Roche, &c.

2nd. That the name of such party must appear in assigning the breach, and the right and interest in respect of which he sues.

3rd. That in this case both the name of the equitable plaintiff, and the right and interest in respect to which she sued, were sufficiently disclosed in the declaration, though not in a very formal manner.

4th. That the declaration contained a sufficient assignment of a breach of the condition of the bond.

Where an injunction bond sued on recites the pendency of the proceedings in which the injunction was ordered, as also the fact that the injunction had been issued, and was in force at the time the bond was given, the defendants are estopped from denying those facts.

Where, however, the plaintiff thinks proper to join issue on pleas of *nul tiel record*, and as such pleas are only triable by the Court upon an inspection of the record, the judgment of the Court below, whatever it may have been, unless embodied in a bill of exception, cannot be brought to this Court for review.

The *injunction ordered* was to restrain the defendants in the injunction case from building upon certain property in the City of Baltimore. To the declaration on the injunction bond the defendants pleaded as a defence, a provision of the City Code, whereby a permit from the city authorities was required to be obtained for erecting such building as that restrained by the injunction, and that no such license or permit had been obtained by the defendants in the equity proceedings until after the injunction was dissolved. On demurrer it was HELD:

That this plea did not constitute a bar to the action.

By another plea it was averred "that the said E. A. R. from the time of the making of the said bond hitherto, hath not been damnified by the failure of the said P. L. S." (the principal obligor,) "to prosecute the said writ of injunction with effect." To this plea the plaintiff replied, specially setting forth how she was damnified. HELD:

That a demurrer to this replication was properly overruled by the Court below.

On objection at the trial to the introduction of the equity proceedings in evidence it was HELD:

Le Strange, *et al. vs.* State, use of Roche, &c.

That the said proceedings were competent and admissible evidence to show upon what allegations of fact the injunction was granted, and in respect to what subject-matter it was intended to operate. The whole proceeding, so far as they related to the granting, continuance, and dissolution of the injunction, were material, and therefore properly admissible.

The question of the propriety of allowing an amendment to be made in the pleadings cannot be reached on motion in arrest of judgment.

Where an action is brought in the name of the State for the use of a *féme covert*, the fact of her being a *féme covert* does not make it necessary that the name of her husband should be used as next friend.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—At the trial the plaintiff offered in evidence the equity proceedings in which the injunction bond sued upon in this action was given. The offer was based upon the following agreement signed by the counsel for the respective parties:

"It is agreed in the above entitled cause, that the original papers in the equity suit of *Le Strange vs. Roche, et ux.*, in the Circuit Court of Baltimore City, may be used as evidence with the same effect, and subject to the same exceptions, as a full transcript of the record of the said cause certified under the seal of the said Court." To the admissibility of which proceedings the defendants objected, but the Court (GILMOR, J.) overruled their objection and allowed the same to be given in evidence. The defendants excepted.

*Second Exception.*—The defendants, to maintain the issues on their part, offered evidence tending to show there was no damage to the materials from exposure, and no advance in price of material or labor, during the time of said injunction; and then made the following offer: The de-

fendants offer in evidence, secs. 38, 39 and 40, of Art. 8, of the Baltimore City Code, and sec. 22, of Art. 49, of the Baltimore City Code, and offered to follow up such evidence by the testimony of competent witnesses, and by public records now in Court, to show that the work of tearing down and building anew the buildings referred to, was begun about the 15th of September, 1879, and that no permit from the said Mayor and City Council, was obtained until the 14th of October, 1879, and that no permit from the Appeal Tax Court of said City, was obtained until after dissolution of the injunction, and not until the 6th of May, 1880, and that the premises in question were situated within the limits of direct taxation. This evidence the Court refused to allow the defendants to give; whereupon they excepted.

*Third Exception.*— After the signing and sealing of their second bill of exceptions, which is made a part of this, the defendants made the three several motions to strike out testimony as follows:

Defendants move the Court to strike out all evidence relating to an agreement between the equitable plaintiff and the witness, Peter Garvey, for the rental of the premises in question, alleged to have been made at or about the time the alterations in the buildings referred to were begun.

Defendants move the Court to strike out all evidence relating to the contents of an alleged agreement between the equitable plaintiff and the witness Turner, for the execution of the carpenter's work referred to, the said Turner having testified that the same was in writing, and left in possession of the equitable plaintiff, and the same not being produced or accounted for.

Defendants move the Court to strike out the bill of complaint in the equity suit referred to, and admitted in evidence and read to the jury.

Preceding which, there was evidence tending to show there was no contract in writing with the carpenter, for

the erection of the building, and also evidence of the carpenter, tending to show there was such contract in writing, plaintiff protesting on its part, that it did not claim there was any such contract in writing, or that it intended so to insist in argument to the jury.

And the plaintiff offered the following prayer:

That under the pleadings and evidence in this cause, the verdict of the jury must be for the plaintiff, for such damages as they shall find from the evidence, if any they do find, resulting from said injunction, resulted directly to the equitable plaintiff, Emily A. Roche, from the injunction mentioned in the bond, of which a copy is filed with the declaration.

And the defendants offered the five following prayers:

1. That on the pleadings and evidence, there is no evidence legally sufficient to go to the jury, to entitle the plaintiff to recover.

2. That there is no evidence legally sufficient to go to the jury, of the ownership of the premises in question, by the equitable plaintiff, and that therefore on the pleadings and evidence, the plaintiff is not entitled to recover.

3. That the plaintiff is not entitled to recover for any loss or damage which the jury may find, was not caused exclusively and entirely by the operation of said injunction.

4. That notwithstanding the issuing of said injunction, it was the duty of said equitable plaintiff to exercise reasonable and ordinary care to preserve said premises, and any materials that may have been on the same, from damage, and the plaintiff is not entitled to recover for any loss or injury that may have resulted from a failure to discharge such duty.

5. That if the jury, find from the evidence that the agreement testified to, for the carpenter's work, was in writing, they are to disregard all evidence touching the contents of the same.

The defendants specially excepted to the plaintiff's prayer, because it assumed as a fact, that the equitable plaintiff had suffered damage.

The Court granted the motion to strike out the bill of complaint, and overruled the two other motions, and granted the plaintiff's prayer, and rejected the defendants' first and second prayers, their third, fourth and fifth prayers being conceded.

The defendants excepted, and the verdict and judgment being rendered against them, appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*Albert Ritchie*, for the appellants.

In suits on public bonds the party beneficially interested is the real plaintiff, and must be *sui juris*. *Ing & Mills vs. State, use, &c.*, 8 *Md.*, 287; *State, use of Fallon vs. Layman, et al.*, 46 *Md.*, 190.

The *cestui que use*, if a non-resident, may be required to give security for costs, (46 *Md.*, 190,) and should be a person responsible for costs, competent to employ counsel, competent to give an appeal bond, to enter satisfaction, &c.

Although suit be brought in the name of the State, an infant *cestui que use*, can sue only by next friend or guardian. *Deford vs. State*, 30 *Md.*, 199, 200.

In *Walsh vs. State, use, &c.*, 53 *Md.*, 539, suit on a guardian's bond to the use of the wards, the point was made that the wards should have sued by next friend, but this Court held that there was no evidence of the infancy.

This suit, having been brought to the use of a *féme covert*, should have abated, and the error could not be reached by amending the declaration by the interlineation of a next friend. It was a case not within the statutes regulating amendments as to parties. See *Wright,*

*Ex'r vs. Gilbert, Ex'r*, 51 *Md.*, 153–4, in which it was held that a foreign executor who had brought suit in Maryland before obtaining letters here, could not, after having procured them, prosecute the same suit by amendment.

It does not appear that this was a suit which Mrs. Roche could prosecute by next friend; nor whether it ought to have been brought jointly with her husband, or by him alone.

How suit is to be brought depends on her relation to the cause of action. *Strasburger & McLaughlin vs. Barber*, 38 *Md.*, 103 *and* 109; *Frazier, et al. vs. White, et al.*, 49 *Md.*, 1; *Lawes vs. Lumpkin*, 18 *Md.*, 334; *Porter vs. Bowers*, 55 *Md.*, 213.

*Norwood vs. State*, 45 *Md.*, 68, (which is later than *Scarlett vs. Academy*, 43 *Md.*, 203,) decides that interlineation is not a proper mode of making an amendment.

The case went to trial without a single issue having been properly made up.

To the first, second, third and fourth pleas, instead of replying, the plaintiff "joined issue." The defendants demurred to the replication to the fifth plea, but their demurrer was overruled, and they were then obliged to join issue on it, although the issue was improper.

In *Cumberland and Penna. Railroad vs. Slack*, 45 *Md.*, 179, an issue on an unimportant point was made up in the same way.. It did not affect the merits, and this Court, while condemning this mode of pleading, did not consider the error as of sufficient importance in that case to warrant a reversal. But in *Herbert vs. Wich*, 45 *Md.*, 474, where to a plea of former recovery, the reply was "issues joined," it is held that there was a mis-trial.

The defendants' fifth plea was not *non damnificatus* proper. It was not pleaded to cause an assignment of breaches; the breach had been assigned in the *narr.*; but it was a plea that said Emily had not been damnified *by*

*the breach assigned*, i. e., "*by the failure* of the said Patrick Le Strange *to prosecute the* said writ of injunction with effect." Instead of traversing or replying *how* she was injured *by the failure to prosecute*, the plaintiff replies that she was damnified *by the issuing of the injunction* in that, &c. This was not a proper reply to the plea, and was also a departure from the declaration.

On the plea of *nul tiel record*, the defendants objected to the record offered, and also raised the question on the prayers, on account of material variance. The injunction recited in the *narr.*, is one "restraining the said defendants *from building* upon the property specified in said proceedings." The injunction in the record offered, was an injunction "as is prayed in said bill," and the injunction prayed, is an injunction "from further continuing the erection of *said livery stable* on said premises, and from *erecting, using and maintaining said livery stable* on said premises." See *Morgan vs. Blackiston*, 5 *H. & J.*, 61; *Birkhead vs. Saunders*, 2 *H. & G.*, 83; *Moore vs. Garretson*, 6 *Md.*, 444; *Baltimore Cemetery Co. vs. First Independent Church*, 13 *Md.*, 118; *Smith vs. Barker*, 3 *Day*, 312; *Suydam vs. Aldrich*, 3 *McLean*, 383; *Giles vs. Shaw*, 1 *Illinois*, 87; *Beecher vs. Chester*, 2 *Root*, 90.

Under their third and fourth pleas, the defendants offered in evidence the Ordinances of Baltimore City, sections 38, 39 and 40, of Article 8, City Code, and section 22 of Article 49, which prohibited under penalty, the erection of these stables without a permit from the Mayor and City Council, and also from the Appeal Tax Court, with the offer to follow up by showing that the work of tearing down the old building, &c., was begun a month before the permit was obtained from the Mayor and City Council, and that no permit was obtained from the Appeal Tax Court until the 6th of May, 1880, about three weeks after the dissolution of the injunction.

If the issue was properly made up on these pleas, this evidence was admissible, as tending to show that appellees were restrained otherwise than by the injunction, and that during the entire pendency of the injunction, it would have been unlawful for them to proceed even though there had been no injunction.

*Charles J. Bonaparte,* and *George Hawkins Williams,* for the appellee.

There is nothing in the record to show what objection the appellants mean to urge to the admission in evidence of "a full transcript of the record of the cause" recited in their bond, "certified under the seal of the * * * * Court" in which it was brought, and the appellee's counsel are at a loss to conceive of any. This Court will note that the record does not say this transcript was read or ever submitted to the jury. It was "offered in evidence," and "allowed to be given in evidence." Only certain parts of it were "read to the jury." Certainly a transcript from the Circuit Court was proper evidence at least for the Superior Court under a plea of *nul tiel record. Jones vs. Jones,* 45 *Md.,* 144.

It will be borne in mind, of course, that the pendency of the equity suit was recited in the bond sued upon, that a certified copy of this bond was filed with and made part of the *narr.,* and that no plea of *non est factum* was filed. The defendants admitted the existence of the bond, and were therefore estopped by its recitals. *Gunther & Canfield vs. State, use of Bouldin,* 31 *Md.,* 21; *Hamilton vs. State, use of Hardesty,* 32 *Md.,* 348; *State, use of County Commissioners vs. Horner,* 34 *Md.,* 569; *Keen, et al. vs. Whittington, et al.,* 40 *Md.,* 489.

The existence of this equity suit was therefore a conceded fact in the cause.

The sections of the City Code offered to be read in evidence, forbid any building within the limits of direct taxa-

tion to be erected, or altered for use as a livery stable, without a permit from the Mayor and City Council, or to be erected for any purpose either upon a new or an old foundation, without a permit from the Appeal Tax Court, under penalty of certain fines. *Baltimore City Code of 1879, pp.* 142, 143, 1077, 1078.

In point of fact, the equitable plaintiff violated neither Ordinance, for she procured both permits before constructing *the new buildings,* although she had previously, as was perfectly lawful, partially demolished the old ones; but if she *had* violated these Ordinances, the consequences would have been simply that she might be fined. Neither section makes any provision for actually preventing the erection of the buildings, nor did the defendants tender a *scintilla* of proof that either Mrs. Roche or her husband were, in fact, "restrained" from constructing their stable "by the failure to procure such permit," as was alleged in the fourth plea.

The original papers from the Circuit Court having, by agreement, "the same effect" * * * * as a full transcript of the record of the "equity" cause certified under the seal of the said Court," established *conclusively* that there *was* a "record of the writ of injunction * * in the * * * * declaration mentioned;" that it *did* issue, and that the equitable plaintiffs *were* restrained by it "as alleged." The issues joined upon the first three pleas, were therefore as matter of law, decided in favor of the plaintiff; and no evidence whatever had been offered in support of the only material allegation of the fourth plea. If, therefore, the jury found for the plaintiff upon the issue of *non damnificatus,* it was entitled to their verdict; and surely this question was fairly submitted to them by the plaintiff's prayer, and the *third* and *fourth* prayers of the defendants, which were conceded. These prayers were all to be considered together. *First National Bank vs. Jaggers,* 31 *Md.,* 38, 51; *Carey & McColgan vs. Merryman, et al.,* 46 *Md.,* 89, 102.

The defendants' *second* prayer ignores the testimony of Mr. and Mrs. Roche, as to the ownership of the property affected by the injunction. If the defendants intended by this prayer to raise the point that this parol proof was not *the best evidence* of ownership, they should at least have excepted to its admissibility, or had it admitted subject to exception, and subsequently moved its exclusion; but they did neither, and it went to the jury without objection.

Without regard however to this evidence, it is submitted that possession is *prima façie* proof of title, and that the possession of this property by Mrs. Roche at the time the injunction issued is shown beyond dispute by the evidence contained in the record. *Best on Evidence, sec.* 366; 1 *Greenleaf on Evidence, sec.* 34.

The witness Garvey testified that he would have rented the premises on the 15th of November, 1879, if they had been finished. They were not rented until the 15th of August, 1880, only because the injunction prevented their completion. The equitable plaintiff, Mrs. Roche, was, therefore, directly damnified by the loss of nine months' rent; and surely the facts that Garvey had agreed to pay $100 per month, and given his notes for three months' rent in advance, were proper to be considered by the jury in determining the amount of this loss, under the replication to the plea of *non damnificatus. Simmons vs. Brown,* 5 *R. I.,* 299; *Hamner vs. Knowles,* 6 *H. & N.,* 454, 459; *Fult vs. Wycoff,* 25 *Ind.,* 321; *Gillett vs. Western R. R. Co.,* 8 *Allen, (Mass.,)* 560; *Howes vs. Ashfield,* 99 *Mass.,* 540; *Albert vs. Bleecker St. R. R. Co.,* 2 *Daly, (N. Y. C. P.,)* 389.

The second motion related to the same point as the *fifth* prayer, which was conceded.

There was a difference of recollection between the witness Turner and Mrs. Roche, as to whether their agreement, regarding the terms of which they were perfectly in accord, had or had not been reduced to writing. The

prayer submitted this question of fact to the jury, and to it the plaintiff made no objection. The *second* motion required the Court to instruct them that they *must* find Turner to have been right and Mrs. Roche wrong in their respective versions. This would have been sufficient to condemn it, even if it had not been inconsistent with a conceded prayer offered by the defendants themselves. *Groff vs. Hansel,* 33 *Md.,* 161, 170; *Sittig vs. Birkestack,* 35 *Md.,* 273.

The defendants' demurrer to the declaration as amended, was sought to be sustained in the lower Court by the argument that a declaration cannot be amended by interlineation. If this question was properly presented by a demurrer, (which is at least doubtful,) it is *res adjudicata* in this Court. *Lohrfink vs. Still,* 10 *Md.,* 535; *Scarlett vs. The Academy of Music,* 43 *Md.,* 208; *Act of* 1880, *ch.* 135.

Even, however, if the declaration were not to be regarded as amended, it was not demurrable as originally filed. *State, use, &c. vs. Dorsey, et al.,* 3 *G. & J.,* 75; *Shreiner vs. Lamborn, use of Smith,* 12 *Md.,* 170; *Logan, et al. vs. State, use, &c.,* 39 *Md.,* 177; *Dashiell vs. Mayor, &c.,* 45 *Md.,* 615.

And if it had been, the Court had the power to cure the defect as it did, by directing the use to be properly entered by the clerk. *Green, Ex'x vs. Johnson, et ux.,* 3 *G. & J.,* 393; *Wallis, et al. vs. Dilley, et al.,* 7 *Md.,* 250.

The demurrer to the replication to the plea of *non damnificatus* was submitted without argument in the Superior Court. The appellee's counsel being unable to conjecture what particular objection may be urged to this replication, can only submit that it seems to them sustained fully, both by authority and by reason. *Wallis vs. Dilley,* 7 *Md.,* 237; *Levy, et al. vs. Taylor,* 24 *Md.,* 282.

The second ground for the motion in arrest is wholly untenable, for the plea in abatement was waived by the

defendants' demurrer. *Burnham vs. Webster*, 5 *Mass.*, 266;—and also by their pleading to the merits. *Sheppard vs. Graves*, 14 *Howard*, 510.

The fourth and fifth grounds are equally frivolous. The defendants were estopped to deny the material allegations of their bond. *Hamilton vs. State, use of Hardesty*, 32 *Md.*, 348.

The record discloses a persistent attempt on the appellants' part to escape upon purely technical grounds from just obligations deliberately assumed. Under such circumstances, and "where a full and fair trial has been had, this Court will not be hypercritical to discover technical defects in the rulings of the Court below." *Cooper vs. Utterbach*, 37 *Md.*, 319.

ALVEY, J., delivered the opinion of the Court.

This is · an action on an injunction bond, given by the State, and in whose name the action is brought, as legal plaintiff, for the use of Emily A. Roche, wife of Michael Roche.

The questions involved on this appeal are mainly of a technical nature, and depend on the sufficiency of the pleading, including the declaration.

The declaration alleges, that an injunction was issued, in a cause pending in the Circuit Court of Baltimore City, wherein one of the present defendants, Patrick Le Strange, was complainant, and Michael Roche and Emily .A. Roche, his wife, were defendants, "restraining the said defendants from building upon the property specified in said proceedings." It then alleges the fact, that the bond sued on was given by the present appellants in pursuance of a special order of the Court, requiring a bond of an increased penalty over that first given upon obtaining the injunction;—profert · of the bond sued on being made, and a copy thereof filed with the declaration. The condition of the bond, as stated in the declaration,

is, that if the said Patrick should prosecute the writ of injunction with effect, and satisfy and save harmless the defendants in the equity cause, if the injunction should not be prosecuted with effect; and, in such case, pay all costs and damages caused by the issuing thereof; then, the obligation to be void, otherwise to be of full force.

The breach of this condition, as assigned in the declaration, is, that the defendant Patrick did not prosecute the writ of injunction with effect; but, on the contrary, such proceedings were had in the cause, that the Court decreed the dissolution of the injunction, and dismissed the bill whereon the same was founded; whereby the injunction bond became forfeited, and by reason thereof an action has accrued; but that the defendants have failed to pay to the said Emily, for whose use the action is brought, the amount of the bond, &c.

The defendants demurred to the declaration, upon two distinct grounds: First, that the declaration failed to disclose and set forth such beneficial interest in Mrs. Roche, as to justify the prosecution of the suit on the bond for her use; and secondly, that the breach assigned is altogether too general and indefinite, and is not within the terms of the condition of the bond.

As to the first of these grounds of demurrer, the Code, Art. 16, sec. 108, provides that a Court of equity, whenever a bond is required to be given in any case, and it appears to the Court to be proper so to order, "may take such bond in the name of the State as obligee, and the same may be sued on *by any person interested,* as public bonds may, and a copy, certified, &c., shall be received in evidence, to the same effect as certified copies of public bonds."

Upon a bond thus taken, suit must be brought in the name of the State, as legal plaintiff. But the State in fact has no interest in the bond, and no cause of action can arise thereon until there be a breach of the condition

affecting the interest or right of some party legally concerned; and it is only those having an interest in the subject-matter of the condition, and for whose benefit the bond is taken, that can put the bond in suit. The name of such party must appear in assigning the breach, and also the right and interest in respect of which he sues; and this not only that an opportunity may be afforded to the defendants of meeting and resisting the claim of the equitable plaintiff, but that the bond may not be twice subjected to suit for one and the same cause. *Boteler & Belt vs. State, use of Chew,* 8 *Gill & J.,* 359, 384; *Ing & Mills vs. State, use of Lewis & McCoy,* 8 *Md.,* 287, 295.

But in this case, we think, both the name of the equitable plaintiff, and the right and interest in respect to which she sues, are sufficiently disclosed in the declaration, though not, it is true, in a very formal manner. It is sufficient, however, to prevent surprise, and to identify the cause of action in respect to which the suit is brought.

Then, as to the second ground of demurrer. The breach of the condition of the bond is certainly assigned in very general terms. It is alleged that the injunction was not prosecuted with effect, but that the same had been dissolved by order of the Court. The truth of this allegation is admitted by the demurrer, and this, of course, constituted a breach of the condition of the bond. And this short form of assigning a breach of the condition of an appeal or an injunction bond has been expressly sanctioned by this Court, in the cases of *Karthaus vs. Owings,* 6 *H. & J.,* 134; same case on second appeal, 2 *G. & J.,* 430, 441; and *Burgess vs. Lloyd,* 7 *Md.,* 178, 195. In the case of *Karthaus vs. Owings,* as reported in 2 *G. & J.,* the Court said, "we think the breach was properly assigned by a negative averment that he (the defendant) had not, in the language of the condition of the bond, 'prosecuted his suit with effect.' In assigning breaches the general rule is, that they may be assigned,

by negativing the words of the covenant. The exception to this rule is, that when such general assignment does not *necessarily* amount to a breach, the breach must be specially assigned." To such general assignment, it is incumbent upon the defendant to plead specially, unless he thinks proper to rest his defence upon the simple affirmative allegation that he did prosecute the writ of injunction with effect. 7 *Md.*, 197.

We are of opinion, therefore, that the demurrer to the declaration was properly overruled.

After the demurrer was overruled, the defendants pleaded five pleas. The first three of these pleas were in effect pleas of *nul tiel record*, denying the existence and effect of the injunction. But as the bond sued on expressly recited the pendency of the proceedings in which the injunction was ordered, as also the fact that the injunction had been issued, and was in force at the time the bond was given, the defendants were effectually estopped from denying those facts. *Lloyd vs. Burgess,* 4 *Gill*, 187, and *Burgess vs. Lloyd,* 7 *Md.*, 179; *Hardy vs. Coe,* 5 *Gill*, 189. The plaintiff, however, thought proper to join issue on those pleas; and as such issues were only triable by the Court, upon an inspection of the record, the judgment of the Court below, whatever it may have been, has not been embodied in a bill of exception and brought to this Court for review. *McKnew vs. Duvall,* 45 *Md.*, 501.

The fourth plea sets up as a defence, a provision of the City Code, whereby a permit from the city authorities is required to be obtained for erecting such building as that restrained by the injunction, and that no such license or permit had been obtained by the defendants in the equity proceeding until after the injunction was dissolved.

And by the fifth plea, it is averred, "that the said Emily A. Roche, from the time of the making of the said bond hitherto, hath not been damnified by the failure of

the said Patrick Le Strange to prosecute the said writ of injunction with effect."

The plaintiff replied to, and also joined issue on, the fourth plea; and to the fifth plea there was a special replication, setting forth how, and to what extent, damage was sustained by the equitable plaintiff, by. reason of the injunction; the breach of the condition of the bond previously assigned being simply the failure to prosecute the injunction. with effect. Of course, if the injunction had been prosecuted with. effect, there could have been no such wrongful cause of injury as that set forth in the replication; and therefore the matters set forth are nothing more than a more special and particular assignment of the breach of the condition of the bond than had been made in the declaration.

To this latter replication the defendants demurred; and as this demurrer requires the Court to examine all the previous pleading, we must determine whether the fourth plea of the defendants constitutes a bar to the action.

That it does not, would seem to be too plain to admit of a question. For while it may be perfectly true that the defendants in the injunction proceeding had not obtained the supposed necessary permit at the time the injunction was ordered, it does not follow, nor is it to be assumed, that they would not have obtained it within the proper time, but for the injunction. From the moment the injunction was issued, the permit was of no practical use or value until after the restraint of the injunction was removed. The erection of the building could not be proceeded with while the injunction was in force, whether the permit was obtained or not; and the fact that none was obtained until after the injunction was dissolved, was a matter entirely between the city and the party whose duty it was to procure the permit before erecting the building, or before applying the building to

the particular use for which the permit was required. That plea, therefore, forms no bar to the action, and is wholly immaterial.

And as to the fifth plea of the defendants, that of *non damnificatus*, it is somewhat difficult to discover upon what principle such a plea was pleaded to the breach assigned of the condition of the bond, except it be that the breach assigned was so general that a more particular assignment was required. It was certainly a departure from the established rules of good pleading. But as no objection is made to the plea on the part of the plaintiff, we shall treat it as properly pleaded; and so treating it, it follows necessarily, from the nature and object of such a plea, that the plaintiff must have either demurred, or replied specially, setting forth how she was damnified. *Everett & Dilley vs. State, use of McKaig*, 28 *Md.*, 209; 1 *Chit. Pl.*, (16th *Ed.*,) 612; *Step. Pl.*, 360, 361. The latter course was pursued, and the plea specially replied to; and, after the demurrer to the replication was over-ruled, the defendants, in a short way, joined issue upon the matters set forth in this replication; and this was the only substantial issue of fact for trial in the case. In overruling the demurrer, there was nothing of which the defendants can complain.

In the course of the trial before the jury, there were several bills of exception taken by the defendants; and the questions raised thereon must next be considered.

In the first exception, the simple question was, as to the admissibility in evidence of the equity proceedings in which the injunction was granted. It was agreed that the original papers should be used and have the same effect as a certified transcript; and we can perceive no possible objection to the admission in evidence of those proceedings, under the agreement. They were competent and admissible evidence to show upon what allegations of fact the injunction was granted, and in respect to what

subject-matter it was intended to operate. The whole proceeding, so far as it related to the granting, continuance and dissolution of the injunction, was material, and therefore properly admissible. *Jenkins & Hewes vs. Hay,* 28 *Md.,* 547 ; *Wallis vs. Dilley,* 7 *Md.,* 246.

The question intended to be presented by the second bill of exception has already been disposed of, in passing upon the sufficiency of the defendants' fourth plea. The plea forming no bar to the action, and being wholly immaterial, of course, the evidence offered in support of such plea would be inadmissible, and it was therefore properly rejected.

The third bill of exception was taken to the refusal of certain motions of the defendants to strike out particular portions of the evidence that had been offered by the plaintiff; and also to the granting of an instruction on the part of the plaintiff, and the refusal of instructions on the part of the defendants.

As to the motions to strike out the evidence, we can perceive no ground whatever upon which they should have been granted. In the first place, the evidence does not appear to have been received subject to such application to strike out; and, in the next place, there would seem to be no legal objection to its admissibility. Moreover, so far as the second motion is concerned, that relating to the contract with the carpenter, the fifth prayer of the defendants, which was granted, fully gratified all that was asked by the motion.

The single instruction granted on the part of the plaintiff is free from objection, notwithstanding the bill of complaint of the defendant Le Strange had been stricken from the evidence before the jury. The injunction bond, with its recitals, the writ of injunction, and the orders of Court in relation thereto, were still in evidence ; and these, in connection with the other evidence, were ample upon which to found the instruction.

Le Strange, *et al, vs.* State, use of Roche, &c.

The first and second prayers on the part of the defendants were properly rejected. There was very ample evidence before the jury of the plaintiff's right to recover; and it would have been palpable error in the Court below to have granted either of the prayers referred to. The other prayers offered by the defendants appear to have been conceded by the plaintiff, and were granted by the Court; and, by the third and fourth of those prayers, the liability of the defendants, on the bond, was carefully guarded and restricted to such damages as might be found to have resulted only and exclusively from the operation of the injunction.

After verdict for the plaintiff there was a motion in arrest of judgment; but most of the grounds assigned for that motion have already been disposed of. The first ground alleged is, that the action was instituted by and for the use of a married woman, without the intervention of her husband or next friend; and that the Court had improperly allowed an amendment to be made, whereby the name of the husband was inserted.

The question of the propriety of allowing the amendment to be made cannot be reached on motion in arrest of judgment; and that question, as we have already said, is not one for review by this Court.

But the question sought to be raised, both by the motion in arrest, and by the plea in abatement that was pleaded to the declaration, has long since, and by repeated decisions, been settled in this State. The action is in the name of the State, as legal plaintiff, and Mrs. Roche is only *cestui que use;* and though she be *fème covert,* that fact did not make it necessary that the name of the husband should be used as next friend.

In the case of *Fridge vs. State, use of Kirk,* 3 *G. & J.,* 103, the action was in the name of the State on a guardian's bond, for the use of a female ward, brought before she had attained the age of twenty-one years, against one

of the sureties on the bond. The question was distinctly made to and urged upon the Court, that the action could not be maintained, because of the inability of the infant ward to sue. But the Court held it to be wholly immaterial that she was under age. They said: "She is not the legal plaintiff; the bond is to the *State,* the suit was brought in the name of the *State,* the legal plaintiff, and she is only the *cestui que use;* and it was not necessary for the purposes of the suit, to enter the use at all. Though it is usually done in such cases, it might have been carried on as well without it, as with it. And being done, her non-age could not form the fit subject of a plea, the action not being brought in her name. We cannot distinguish this from the case of the *State vs. Dorsey,* 3 *G. & J.,* 75."

The motion in arrest was properly overruled; and upon review of the whole record, we are of opinion that the judgment should be affirmed.

*Judgment affirmed accordingly.*

(Decided 2nd March, 1882.)