## OTTERBACK v. PATCH.

---

PRACTICE; SCIRE FACIAS; BILL OF EXCEPTIONS; REHEARING; PLEA OF LIMITATIONS; AMENDMENT.

1. In the trial of an issue on a plea of *nul tiel record* to a *sci. fa.* on judgment the record inspected makes no part of the proceedings of the case on trial; and the decision of the lower court can be reviewed only by means of a bill of exception, setting forth the record offered and the ruling thereon excepted to.

2. And to make the ruling of the trial court on an issue raised by a plea of the Statute of Limitations to a *sci. fa.* reviewable, the ruling must be excepted to and a bill of exceptions made up.

3. A rehearing will not be granted in this court and original papers ordered to be produced in order to perfect a defective record and enable the technical defense of limitations to be urged.

4. The power of amendment is equally applicable, and to the same extent, in the case of a *sci. fa.* as in the case of an ordinary execution.

No. 354. Submitted November 21, 1894. Decided December 12, 1894.

HEARING on an appeal by the defendant from a judgment

awarding execution of an original judgment in a proceeding
by *sci. fa.* to revive the judgment.    *Affirmed.*

The COURT in its opinion stated the facts as follows:

This is a proceeding by *scire facias* to revive a judgment
recovered on the 6th of Februrary, 1861, and which has
been revived, or attempted to be revived, by several subse-
quent *scire facias* prior to the one issued in the present case.
The original judgment was recovered by John Hoover,
since deceased, against Henry B. and Benjamin L. Otter-
back.   The judgment was assigned by Hoover, in 1885, to
John Patch, and the latter dying in 1889, Joseph Patch
became his administrator.   Hoover, the original plaintiff,
died March, 1892, and A. A. Birney became his adminis-
trator; and the *scire facias* subsequently sued out, and upon
which the present proceedings were taken, commanded the
defendants in the original judgment to appear to show
cause why Birney, the administrator of Hoover, deceased,
ought not to have execution of said judgment recovered in
1861 against them, for the use of the administrator of Patch,
for the amount of the said judgment, interest, and costs of
suit, and the accrued costs herein, and further to do and
perform what said court shall consider in the premises.
This writ was issued on the 2d day of June, 1892, and was
returned *scire feci* as to Henry B. Otterback, and *nihil* as to
Benj. L. Otterback, on the 5th of July, 1892.   A second
writ, called an *alias* writ, though not so in form, was
issued, with the same recitals as the preceding, on the
18th day of November, 1893, against Benj. L. Otterback,
and returned *scire feci*, November 18, 1893.

It does not appear that Benjamin L. Otterback appeared
to the case, or made any defense whatever.   But Henry B.
Otterback appeared and filed a demurrer to the *scire facias*,
but which demurrer he afterwards withdrew, under a stipu-
lation, and thereupon filed two pleas: 1st. *Nul tiel record*,
and, 2d. The Statute of Limitations of 1715, Ch. 23, Sec. 6,

of the Maryland acts, in force in this District, alleging that the judgment described in the *scire facias*, rendered February 6, 1861, was of more than twelve years' standing, before the issuing of the writ of *scire facias* of the 2d of June, 1892, without any legal proceeding to enforce said supposed judgment. It does not appear that any issues were formed on these pleas; but, by stipulation, it was agreed that the demurrer theretofore pleaded by Henry B. Otterback to the *scire facias* should be withdrawn, and that he might plead to the writ, and that the pleas then filed, being those just referred to, should be accepted, verification thereof being waived, and replication thereto being regarded as properly made; and that the cause should be submitted to the court "upon such pleadings, and upon the papers and proceedings in this cause, and in the cause of *John Hoover* v. *Henry B. Otterback and Benjamin L. Otterback*, No. 350, trials at January term, 1861, of the late Circuit Court of the District of Columbia, etc., and such further proofs as either party may desire."

The court below decided the case upon this submission, and awarded execution of the original judgment of 1861, against Henry B. Otterback, together with accrued costs and costs of this proceeding; and also awarded execution of said original judgment of 1861 against Benjamin L. Otterback; but made no reference whatever to any intervening or preceding fiats for execution.

There is no finding of facts, however, and nothing in the form of a special verdict. And there was no exception taken with respect to the proof offered in support of the plea of *nul tiel record*, nor as to that offered in support or denial of the plea of the Statute of Limitations.

*Messrs. Willoughby & Willoughby* for the appellants.

*Messrs. Edwards & Barnard* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

If the case had been presented on the demurrer originally

interposed to the writ of *scire facias*, there would have been no difficulty in declaring the writ radically defective. It fails to set out the several intervening judgments for execution, if there were such judgments had, so that the court could see and determine upon the effect and sufficiency of such judgments for execution. The writ of *scire facias* to revive a judgment is in the nature of a declaration, and should contain upon its face, such a statement of facts, as will justify the form in which the process issues, and the persons who are made parties to it. *Prather* v. *Manro*, 11 Gill & John. 261, 265; *Warfield* v. *Brewer*, 4 Gill, 265; *Mc-Knew* v. *Duvall*, 45 Md. 501. It is laid down in the books as a settled principle in the law of *scire facias*, that the writ to revive a judgment is not merely a form of summons or citation to the defendant, but it also serves the purpose of a declaration to which the defendant may plead or demur, as to any other declaration; and where a legal title to have execution of the original judgment is not set out in the writ, judgment may be arrested as for want of a sufficient cause of action stated. And each successive writ of *scire facias* to revive a judgment must be founded upon the judgment which immediately precedes it, and contain the recitals of all preceding judgments (Freeman on Ex., Secs. 93, 94); for a recovery upon a writ of *scire facias* is to be considered, for many purposes, as a new judgment, and has all the legal attributes of the original upon which the *scire facias* is founded; and is a bar to any subsequent recovery upon the original judgment. *Mullikin* v. *Duvall*, 7 Gill & John. 355; 1 Black on Judgts. Secs. 482, 486; 2 Freeman on Judgts. Sec. 444. And for form of the judgment on *scire facias*, see 2 Harris's Entries, 140, and *Brown* v. *Chesapeake and Ohio Canal Company*, 4 Fed. Rep. 770.

That there were many errors and irregularities in the several successive writs of *scire facias*, issued for revival of the original judgment, would seem to be clear; but those errors and irregularities are not within the reach of an

appellate court for correction; as there were no exceptions taken to the rulings of the court below.

In the trial of an issue made on a plea of *nul 'tiel record*, to a *scire facias* on judgment, the court decides by an inspection of the record; but the record inspected makes no part of the proceedings of the case on trial; and the decision of the lower court can be reviewed only by means of a bill of exception, setting forth the record offered, and the ruling thereon, to which exception is taken. *Dorsey* v. *Whetcroft*, 1 Har. & John. 463; *Ayres* v. *Kain*, 3 Gill & John. 24; *Mullikin* v. *Duvall*, 7 Gill & John. 355; *Le Strange* v. *State*, 58 Md. 41.

And so, in respect to the ruling on the trial of the plea of the Statute of Limitations, if there be no exception to such ruling, or no special verdict found, setting forth the facts upon which the ruling of the court is made, an appellate court cannot review the decision of the court below on the decisions thus made. There must be an exception taken to the ruling of the court complained of. In this case, there is no question presented for review here, and it follows, that the judgment appealed from must be affirmed.

*Judgment affirmed, with costs to the appellees.*

---

On December 14, 1894, *Messrs. Willoughby & Willoughby*, on behalf of the appellants, filed a motion for a rehearing, and also a petition for an order for the production of the original papers.

On January 22, 1895, the motions were overruled, Mr. Chief Justice ALVEY delivering the opinion of the Court:

There is a motion made in this case for rehearing, and also for an order for the production of the original papers in the case to be used on such rehearing. But we think neither motion ought to be granted. The transcript of the record brought into this court appears to have been made up by stipulation of the counsel of the parties, and if they

have not been careful to see that everything was embraced in the transcript that ought to have been embraced in it and in proper form, it would be introducing a very loose and vicious practice, to entertain applications like the present, after the case has been heard and decided by this court, except in very special cases, and to promote the ends of justice. Here there is no justice or special merit to be subserved by granting the motions now made. There is no pretence that the judgment has ever been paid, and the defense set up to defeat the judgment is of a purely technical character, together with the Statute of Limitations. There is therefore nothing to call for the active assistance of the court, under the circumstances, to enable the defendants to avail themselves of the defense pleaded. Moreover, if the transcript were amended as proposed, we should be strongly inclined to remand the case to the end that the writ of *scire facias* might be amended to obviate the objections taken to it. The power of amendment is equally applicable, and to the same extent, in the case of a *scire facias* as in the case of an ordinary execution. Freeman on Executions, Sec. 63 to 72 and 88, and cases cited.

*Motions overruled.*